```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
```

KELLEY MALA, and CHARLENE    )
MALA,                        )
                             )
         Plaintiffs,         )
                             )     Civil No. 2006-120
    v.                       )
                             )
MARINE SERVICE MANAGEMENT    )
d/b/a CROWN BAY MARINA, Inc.,)
"STEVE" LAST NAME UNKNOWN,   )
CHUBB GROUP INSURANCE COMPANY,)
and W. MARK WILCZYNSKI       )
                             )
         Defendants.         )
_____)

**APPEARANCES:**

**Kelley Mala**
   *Pro Se Plaintiff.*

**Mark Wilczynski**, **Esq.**
St. Thomas, U.S.V.I.
   *For the defendant Crown Bay Marina, Inc.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of defendant Crown Bay Marina, Inc. ("Crown Bay") to dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Kelley Mala ("Mala") opposes the motion.[1]

### I. FACTUAL AND PROCEDURAL HISTORY

---

[1] Mala's opposition to the motion to dismiss, filed October 21, 2008 was not timely under LRCi 7.1, which set a deadline of October 15, 2008.

On or about January 6, 2005, Mala went to Crown Bay to buy fuel for his boat. He refueled his vessel with the help of a Crown Bay attendant. After the boat's tank was filled, the pump failed to automatically shut off. As a result, fuel spilled into the hull of Mala's boat. The attendant manually shut off the fuel pump and verbally acknowledged that the pump was not functioning properly.

Mala claims that he was not offered any materials or assistance to clean up the excess fuel.

After he left Crown Bay, the fuel in Mala's boat ignited, and Mala and his boat were burned. Mala's complaint seeks $28,000 for damage to the boat, and $20 million for pain and suffering.

Mala's complaint and amended complaint[2] are very difficult to decipher. Generally, Mala asserts two claims. First, he

---

[2] Mala initially filed a complaint on July 27, 2006. Defendants moved for a more definite statement on October 26, 2006. On March 26, 2008, Mala filed a "motion amend initial complaint with more definite statement and memorandum in support of the court jurisdiction by affidavit of claims." The Court construes this document as a first amended complaint. This complaint is not materially different from his original complaint, except that it adds Chubb Insurance Group as a defendant. On August 26, 2008, Charlene Mala filed a "motion by intervenor Charlene Mala submits and claim for irreparable damages in the amount $250,000 for lost of consortium." In a September 17, 2008 order the Magistrate Judge construed this motion as one to further amend the complaint, and granted the motion. Mala filed another amended complaint against all defendants on December 8, 2008. Among other things, this complaint attempted to add Texaco Corporation as a defendant. This Court has been permissive with Mala, in allowing him to amend his complaint without permission a second time, despite the requirements of Federal Rule of Civil Procedure 15. The Court will not consider Mala's most recent attempt to amend his complaint because Mala has not complied with Rule 15.

claims Crown Bay negligently trained its attendant. Second, he claims Crown Bay negligently maintained its gas pump. Mala's wife, Charlene Mala, also asserts a claim for loss of consortium.

## II. DISCUSSION

**B. Motion to Dismiss**

In deciding a motion under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all inferences from those facts in a light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Documents filed by a *pro se* litigant are to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)(quoting *Estelle v Gamble*, 429 U.S. 97 (1976)). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).

### III. ANALYSIS[3]

### A. Count one - negligent maintenance

Maritime law recognizes a claim for personal injury to a non-seaman aboard a vessel, due to negligence. *Sevison v. Cruise Ship Tours*, 37 V.I. 231, 243 (D.V.I. 1997)(citing *Kermarec v. Comagnie Generale Transatlantique*, 358 U.S. 625 (1959)), *see also*

---

[3] Crown Bay points out that Mala incorrectly pled this case as one falling under this Court's diversity jurisdiction, but fails to note that Mala has also claimed that this is an admiralty case. Crown Bay has not responded to the assertion that this Court has admiralty jurisdiction. Nonetheless, this Court must satisfy itself that its jurisdiction has been properly invoked. *See Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977) ("federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.")

For a claim to fall under a federal court's admiralty jurisdiction, a plaintiff must assert that the tort occurred on navigable waters and bore a substantial connection to maritime activity. *See Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

For the purposes of the admiralty jurisdiction "locality test, the tort 'occurs' where the alleged negligence took effect . . . ." *Exec. Jet Aviation v. City of Cleveland*, 409 U.S. 249, 266 (1972). Mala alleges that as a result of Crown Bay's negligence, his boat caught fire once it had navigated away from the gas station, and both the vessel and Mala were injured. As such, the tort took effect over navigable waters.

The connection test requires two considerations, (1) whether the incident had the potential to disrupt maritime commerce, and (2) whether the general character of the activity giving rise to the incident indicates a substantial relationship to maritime activity. *Grubart*, 513 U.S. at 534 (citing *Sisson v. Ruby*, 497 U.S. 358, 363-65 (1990)).

With respect to the first *Grubart* prong, the alleged tort had a direct connection to maritime commerce because Mala was buying fuel for his boat. Every boat that runs on fuel must refuel at maritime gas stations. If boaters worry about the safety of refueling their vessels in Crown Bay, it would effect where and how they refueled and could disrupt maritime gas sales. *See, e.g., Doe v. Celebrity Cruises, inc.*, 394 F.3d 891, 900 (11th Cir. 2004) (finding a connection to the commerce of vacation cruises where a passenger was sexually assaulted by a cruise ship crew member). With respect to the second prong, the general character of the activity, refueling a boat, shows a substantial connection to maritime activity.

As such, Mala has successfully invoked this Court's admiralty jurisdiction.

*Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 820 (2001) (finding that general maritime law recognizes the tort of negligence, and breaches of a maritime duty are actionable when they cause injury). Maritime negligence is much like common law negligence, except that the standard of care does not vary based on the status of the injured person, and the doctrine of comparative negligence applies. *Sevison*, 37 V.I. at, 243 (citing *Kermarec*, 358 U.S. at 629, 631-32).

In order to assert a negligent maintenance claim, an admiralty plaintiff must allege (1) a duty, (2) breach of the duty, (3) proximate causation, and (4) damages. *Sevison*, 37 V.I. at 243 (citation omitted).

Mala alleges that Crown Bay had a duty of reasonable care toward him. Mala alleges that Crown Bay breached that duty when it failed to fix, or to warn him about, a broken gas pump. As such, he has pled that Crown Bay breached the duty of reasonable care. Mala further alleges that the malfunctioning gas nozzle caused gas to spray on his boat, causing a fire and explosion. He claims that the explosion resulted in the loss of the boat and burns to his body. These are sufficient pleadings of causation and damages to withstand a Rule 12(b)(6) motion. *Cf. Twombly*, 127 S. Ct. at 1964-65 (allegations of facts must make the right to relief appear to be more than mere speculation). Accordingly,

Crown Bay's motion to dismiss Mala's claim of negligent maintenance will be denied.

**B. Count two - negligent training or supervision**

The Restatement (Third) of Agency recognizes the tort of negligent supervision.[4] "The type of supervision required by the principal's duty of reasonable care, like its relative degree of intensity, are functions of the risk posed to third parties and the burdens imposed by precautions that the principal may take in reference to the risk." Restatement (Third) of Agency § 7.05, ill. 8. The elements of a negligent hiring, retention, or supervision claim are: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the

---

[4] Section 7.05 provides, in pertinent part: "(1) A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent." Restatement (Third) of Agency § 7.05.

Section 213 provides, in pertinent part:

A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
(a) in giving improper or ambiguous orders or in failing to make proper regulations; or
(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:
(c) in the supervision of the activity; or
(d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

Restatement (Second) of Agency § 213.

employee's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries." *Watson v. City of Cleveland*, 202 Fed. Appx. 844, 857 (6th Cir. 2006) (unpublished) (discussing the elements under Ohio law) (citation omitted).

Mala claims that the attendant was a Crown Bay employee. He further claims that the attendant did not react properly to the fuel spill. Mala claims that Crown Bay had failed to train the attendant in proper fuel spill remediation. The complaint states that the attendant's reaction to the spill made the situation more dangerous. According to Mala, his boat exploded as a result of the attendant's failure to properly respond to the spill.

These assertions are sufficient to state a claim upon which relief can be granted. Accordingly, Crown Bay's motion to dismiss will be denied with respect to the negligent hiring, training, or supervision count.

**C. Loss of consortium**

Charlene Mala alleges that Crown Bay's negligence caused her husband's bodily injuries. As a result of those injuries, she claims she has lost the companionship of her husband. It is doubtful whether admiralty recognizes such a claim.

Neither the United States Court of Appeals for the Third

Circuit, nor the United States Supreme Court have addressed the viability of such a claim. However, several federal appeals courts have refused to allow recovery on such a claim. *See, e.g.*, *Horsley v. Mobil Oil Corp.*, 15 F.3d 200, 203 (1st Cir. 1994) (declining to allow damages for loss of society under general maritime law); *Smith v. Trinidad Corp.*, 992 F.2d 996, 996 (9th Cir. 1993) (holding wives of injured mariners cannot recover for loss of consortium under general admiralty law); *Lollie v. Brown Marine Serv., Inc.*, 995 F.2d 1565, 1565 (11th Cir. 1993)(per curium) ("we hold that neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases"); *Murray v. Anthony J. Bertucci Constr. Co.*, 958 F.2d 127, 132 (5th Cir. 1992), *cert. denied*, 506 U.S. 865 (1992) (holding "that the spouse of an injured seaman has no cause of action for loss of society under the general maritime law").

District courts within our circuit have come to the same conclusion. *See, e.g.*, *Collazo v. Owens-Corning Fiberglas Corp.*, Civ. No. 94-1754, 1995 U.S. Dist. LEXIS 1796, at *5 (E.D. Pa. Feb. 10, 1995) (noting that "loss of consortium is not compensable in admiralty"); *Ruberto v. Maritrans Operating Partners, L.P.*, Civ. No. 91-7654, 1993 U.S. Dist. LEXIS 11612, at *7-8 (E.D. Pa. Aug. 20, 1993) (holding there can be no recovery

*Mala v. Crown Bay, et al.*
Civil No. 2006-120
Memorandum Opinion
Page 9

for loss of consortium in a physical injury case brought under general maritime law). This Court agrees that loss of consortium is not a viable cause of action in a maritime personal injury case, and will dismiss this claim.

### IV. CONCLUSION

For the reasons stated above, the Court will deny Crown Bay's motion to dismiss Mala's claims of negligent maintenance and negligent supervision. The Court will grant Crown Bay's motion to dismiss Charlene Mala's claim for loss of consortium.[5] An appropriate order follows.

```
                           S_____
                              CURTIS V. GÓMEZ
                                Chief Judge
```

---

[5] Mala has sporadically referred to several other causes of action, but has not supported them with factual allegations. The Court has reviewed Mala's filings in detail, and has picked out the factual allegations that provide the bases for claims upon which relief might be granted.