# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

KELLEY MALA, )
)
      Plaintiff, )
)
vs. )
) CIVIL NO. 2006-120
CROWN BAY MARINA, INC., et al., )
)
)
      Defendants. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff, Kelley Mala's, motion for the issuance of a writ of habeas corpus ad testificandum ("writ") pursuant to 28 U.S.C. § 2241 (c)(3) and (c)(5)[1] so that he may be present in St. Thomas, Virgin Islands to participate in the trial scheduled in this matter for December 1, 2009. The defendant, Crown Bay Marina, Inc., filed an opposition and an amended opposition (docket entry numbers 184, 185 and 234).

## RELEVANT FACTS

Plaintiff brings this action against the defendants for damage to his boat and for personal injuries suffered in a fire aboard his vessel. Plaintiff alleges that the fire occurred as a result of the defendants' negligence in fueling the vessel. Plaintiff is currently incarcerated at the Federal Correctional Institution in Miami, Florida, a low security facility housing male inmates.[2]

---

[1] A writ of habeas corpus ad testificandum is authorized pursuant to 28 U.S.C. § 2241(c)(5). Thus, in this memorandum, the Court will only address issues arising from plaintiff's request for a writ of habeas corpus ad testificandum.

[2] Plaintiff's incarceration is not related to this action. Additionally, plaintiff is not incarcerated as a result of a criminal proceeding in this district and this Court is unaware of the nature and circumstances of plaintiff's incarceration. Further, this Court does not have any

**DISCUSSION**

Defendant sets forth several reasons why the Court should deny the writ. Defendant asserts that plaintiff has not complied with the procedures set forth in the Code of Federal Regulations, 28 CFR 527.31, regarding the transfer of inmates to state agents for production on state writs. 28 CFR 527.31 addresses the transfer of federal prisoners to state or local custody pursuant to writs of habeas corpus ad prosequendum or ad testificandum issued by a state or local court. It does not apply to federal prisoners transferring to a different federal facility, as is the case here. Even to the extent that it does, it does not address a court's power to issue a writ, it merely provides the procedures that must be followed and addressed in complying with the writ after it has been issued.

Defendant also asserts that this Court does not have jurisdiction to issue the writ. Defendant contends that the proper court to issue the writ is the United States District Court of the Southern District of Florida, the court of jurisdiction where the plaintiff is incarcerated. The defendant further notes that that court, on October 15, 2009, denied the defendant's request for a writ of habeas corpus ad testificandum, ruling that the District Court of the Virgin Islands was the proper court for the plaintiff to make the application for the writ. Notwithstanding the ruling of the District Court of the Southern District of Florida, defendant further contends that "if the District Court of the Southern District of Florida wanted the District Court of the Virgin Islands

---

official documentation of when the plaintiff will be released. However, in defendant's amended opposition to plaintiff's motion for writ of habeas corpus ad testificandum, defendant represents that plaintiff will be released in April 2011. (Defendant's amended opposition, page 12.).

to make a determination, the Court would have followed the statutory provision in 28 U.S.C. 2241[b][3] and issued a transfer Order."[4] (Defendant's Amended Opposition to Plaintiff's Renewed Motion for Habeas Corpus Ad Testificandum, page 6).

In support defendant's contention that the District Court of the Virgin Islands does not have jurisdiction to issue a writ of habeas corpus ad testificandum, the defendant cites to *Rumsfeld v. Padilla*, 542 U.S. 426, 533, 124 S. Ct. 2711, 2722 (2004); *United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008); *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009); *Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994) and *United States v. Savage*, 2006 U.S. Dist. LEXIS 74637 (D. Del. October 13, 2006). All of the cases cited by defendant are distinguishable from this case in that those cases all deal with habeas corpus petitions wherein challenges were made to the "physical custody" of the person. 28 U.S.C. § 2255 habeas petitions are usually filed in the court that imposed the prisoner's sentences. *United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). However, "when § 2255 appears . . . inadequate or ineffective to test the legality of detention, . . . a federal prisoner may seek habeas relief from the court in the district of confinement under § 2241." *Poole* at 270 (citing *In Re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000)). However, section 2241 habeas corpus proceedings, other than 2241(c)(5), "contemplate

---

[3] 28 U. S. C. § 2241(b) reads as follows: The Supreme Court, any justice thereof, and any circuit judge may decline to entertain any application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

[4] As will be explained below, this subsection does not apply to writs of habeas corpus ad testificandum.

a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such a party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id.* at 270-271 (citing *Wales v. Whitney*, 114 U.S. 564, 574, 5 S. Ct. 1050, 29 L. Ed. 177 (1885)). Thus, a district court properly exercises jurisdiction over a [2241] habeas corpus petition [except a 2241(c)(5)] whenever it has jurisdiction over the petitioner's custodian. *Id*. at 271. (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed. 443 (1973)).

A writ of habeas corpus ad testificandum is distinguishable from a § 2255 and other § 2241 habeas corpus proceedings in that it is simply a request to have the body of the prisoner transported temporarily for the purpose of giving testimony. *Poole* at 268, footnote 9. Citing *Miller v. Hambrick*, 905 F.2d 259, 264 (4th Cir. 1990), the court in *Poole* further explains that "the standard writ of habeas corpus ad testificandum . . . acknowledges that the prisoner is held under the custody of the person to whom the writ issues and authorizes only 'safe and secure conduct' of the prisoner to where he will testify." *Id*. 271-272. Habeas corpus proceedings under section 2241, other than section 2241(c)(5), are proceedings for the release from physical custody and jurisdiction is restricted to the court that has jurisdiction of the custodian of the prisoner.

For the purposes of jurisdiction regarding the issuance of a writ of habeas corpus ad testificandum, the Third Circuit Court of Appeals has held that district courts may issue writs of habeas corpus ad testificandum extraterritorially to secure the appearance of a state or federal

prisoner in federal court. *Roe v. McMonagle,* 920 F.2d 213, 218 (3d Cir. 1990).[5] In deciding whether to grant a writ of habeas corpus ad testificandum, the Court should consider the following factors:

cost and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of the particular inmate pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying the trial until the prisoner is release, the probability of success on the merits, the integrity of the correctional system and the interests of the inmate in presenting his testimony in person rather than by deposition. *Jerry v. Francisco*, 632 F.2d 252, 255 (3d Cir. 1980) *Id*. at 255 (citing *Moeck v. Zajackowski*, 541 F.2d 177 (7th Cir. 1976)).

In applying these factors here, the Court notes that the defendant is currently incarcerated in Miami, Florida and the plaintiff would have to be transported to the Virgin Islands and housed in the Virgin Islands for the duration of the trial. The Court further notes that there is not a holding area for federal prisoners in the Virgin Islands and he would have to be housed at the Virgin Islands Bureau of Corrections or be transported daily to Puerto Rico. Another difficulty arises in that this action is unrelated to the plaintiff's incarceration. This Court has found no authority that provides that the government should incur the cost of transporting a federal

---

[5] In *Roe v. McMonagle,* 920 F.2d 213 (3d Cir. 1990) the defendant was serving a six-month sentence in a Georgia state court and failed to appear for a civil contempt proceeding in the United States District Court for the Eastern District of Pennsylvania. The Third Circuit Court of Appeal noted that the defendant had several options to attend the hearing including petitioning "the district court for a writ of habeas corpus ad testificandum pursuant to 28 U.S.C. section 2241(5) . . . ." *McMongale* at 218. In footnote four, the Court noted that "[d]istrict courts have issued these writs [writ of habeas ad testificandum] in civil proceedings to obtain the presence of prisoners who are incarcerated outside of the territorial jurisdiction of the district court. *Id.* (citing *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 114 (4th Cir. 1988); *Itel v. Capital Corp. v. Dennis Mining Supply & Equipment, Inc.*, 651 F.2d 405, 406 (5th Cir. 1981); *Stone v. Morris*, 546 F.2d 730 (7th Cir. 1976)).

prisoner to attend a trial to a civil proceeding wholly unrelated to his incarceration absent a showing of indigence. To the contrary, the Court has found several cases with similar facts suggesting that cost of transportation should be borne by the prisoner. See, *Roe v. McMonagle,* 920 F.2d 213, 218 (3d Cir. 1990) (prisoner/plaintiff had the option of paying cost of transportation from a state penitentiary in Georgia to Pennsylvania for civil contempt proceedings); *United States v. $64,000 in United States Currency,* 722 F.2d 239, 247 (5th Cir. 1984) (federal prisoner incarcerated in Pennsylvania sought writ of habeas corpus ad testificandum to be present for forfeiture proceeding in Louisiana. Appellate court affirmed the magistrate judge's refusal to issue writ, in the absence of proof of indigence, unless defendant/prisoner posted bond for $5,000 to cover the necessary expenses for the prisoner's presence.) Here, plaintiff is proceeding *pro se* and has filed a motion that will be construed as a motion to proceed in *forma pauperis*. The plaintiff is currently incarcerated in a low security facility in Miami, Florida and does not appear to need heightened security. Nonetheless, the plaintiff is still a prisoner and security measures would still be needed and that cost would have to be incurred by someone.

The trial is scheduled for December 1, 2009 and most, if not all, of the discovery has been completed or should have been completed and the potential for lost evidence is minimized. As such, it does not appear that plaintiff's claim will become stale if it were to be addressed at a later date. The plaintiff appears to have an arguable claim and may be entitled to damages if he can prove his case. Additionally, it appears that plaintiff's presence at the trial will be necessary.

Finally, it is the Court's understanding from pleadings that the plaintiff will be released in April 2011.

In weighing these factors, the Court finds that the cost to the government and the potential security risk of bringing the plaintiff to St. Thomas for a civil trial wholly unrelated to his incarceration outweighs delaying the trial until the plaintiff's release from prison in April 2011. Thus, denying the writ of habeas corpus ad testificandum and staying the case until the plaintiff's release would not substantially affect plaintiff's ability to present his case at a later date or his constitutional right to a fair trial.

For the forgoing reasons it is recommended that plaintiff's motion for a writ of habeas corpus ad testificandum be **DENIED**.

**DATED**: November 10, 2009        S\_____
                                               **GEOFFREY W. BARNARD**
                                               U.S. Magistrate Judge

**ATTEST:**
**WILFREDO F. MORALES**
Clerk of the Court