DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

KELLEY MALA                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          Civil No. 2006-120
                                     )
MARINE SERVICE MANAGEMENT            )
d/b/a CROWN BAY MARINA, INC.,        )
"STEVE" LAST NAME UNKNOWN,           )
CHUBB GROUP INSURANCE COMPANY,       )
W. MARK WILCZYNSKI, CHEVRON          )
PUERTO RICO, LLC f/k/a TEXACO        )
PUERTO RICO, INC.                    )
                                     )
            Defendants.              )
_____)

APPEARANCES:

**Kelley Mala**
      *Pro Se Plaintiff.*

**Mark Wilczynski, Esq.**
St. Thomas, U.S.V.I.
      *For Crown Bay Marina, Inc.*

**Chad Messier, Esq.**
St. Thomas, U.S.V.I.
      *For Chevron Puerto Rico, LLC, formerly known as Texaco
      Puerto Rico, Inc.*


MEMORANDUM OPINION


**GÓMEZ, C.J.**

      Before the Court is the motion of defendant[1] Chevron Puerto

_____

      [1] Other parties Mala has named include "Steve" last name unknown, Jim
Armstrong, and the defendant "FNU and LNU, Company or Corporation ."  The
caption above reflects the most recent, accepted complaint.

Rico, LLC, formerly known as Texaco Puerto Rico, Inc. ("Chevron")

to dismiss this action against it, pursuant to Federal Rule of

Civil Procedure 12(b)(2), for lack of personal jurisdiction.

Plaintiff Kelley Mala ("Mala") opposes the motion.[2]  For the

reasons given herein, the Court will grant Chevron's motion and

dismiss all claims against it.

## I. FACTUAL AND PROCEDURAL HISTORY

On or about January 6, 2005, Mala went to Crown Bay Marina

("Crown Bay") to buy fuel for his boat.  He refueled his vessel

with the help of a Crown Bay attendant.  After the boat's tank

was filled, the pump failed to automatically shut off.  As a

result, fuel spilled into the hull of Mala's boat.  The attendant

manually shut off the fuel pump and verbally acknowledged that

the pump was not functioning properly.

Mala claims that he was not offered any materials or

assistance to clean up the excess fuel.

After he left Crown Bay, the fuel in Mala's boat ignited,

and Mala and his boat were burned.  Mala's complaint[3] seeks

---

[2] Mala actually filed 3 oppositions to the motion to dismiss.  Pursuant to Local Rule of Civil Procedure 7.1, the respondent is only allowed to file a single response in opposition to a motion, unless he obtains leave of Court before filing.  Mala did not seek, nor was he granted, such leave of Court.

[3] Mala initially filed a complaint on July 27, 2006.  Defendants moved for a more definite statement on October 26, 2006.  On March 26, 2008, Mala filed a "motion amend initial complaint with more definite statement and memorandum in support of the court jurisdiction by affidavit of claims."  The Court construes this document as a first amended complaint.  This complaint is

damages for the loss of the boat and for his pain and suffering.

## II. <u>DISCUSSION</u>

### A. **Personal Jurisdiction**

Once a defendant has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"), the plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction is proper. *See*

---

not materially different from his original complaint, except that it adds Chubb Insurance Group as a defendant. On August 26, 2008, Charlene Mala filed a "motion by intervenor Charlene Mala submits and claim for irreparable damages in the amount $250,000 for lost of consortium." In a September 17, 2008 order the Magistrate Judge construed this motion as one to further amend the complaint, and granted the motion.

On November 14, 2008, Mala filed a "motion by plaintiff identifying and name john doe corporation," which attempted to add "Texaco franchise" as a defendant. Without leave of the Court, Mala filed another amended complaint against all defendants on December 8, 2008. Among other things, this complaint attempted to add Texaco, Inc. as a defendant.

By an order dated February 5, 2009, the Magistrate Judge in this matter construed Mala's November 14, 2008 motion as one to amend his complaint, and granted the motion.

On February 25, 2009, Mala filed another amended complaint that raised his request for relief to $60 million, and attempted to add Texaco Puerto Rico, Inc. as a defendant.

In a memorandum opinion filed on July 20, 2009, the Court stated:

> This Court has been permissive with Mala, in allowing him to amend his complaint without permission a second time, despite the requirements of Federal Rule of Civil Procedure 15. The Court will not consider Mala's most recent attempt to amend his complaint because Mala has not complied with Rule 15.

(Memorandum Opinion 2 n. 2, July 20, 2009.) That footnote precluded from consideration the most recent amended complaint at that time, that is the February 25, 2009 complaint, which is a nullity since Mala did not seek nor receive permission to file it. In addition, that opinion dismissed all of Charlene Mala's claims.

Given this procedural posture, Texaco Puerto Rico, Inc. has never been named as a defendant in any complaint accepted by this Court. Only Texaco, Inc. was named as a party. Chevron indicates that there is no such entity. Given the volume of filings generated by the pro se plaintiff in this matter, and in order to clarify which parties are included in this litigation, the Court will nonetheless rule on Chevron's motion to dismiss.

*Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir.

1996). "[W]hen the court does not hold an evidentiary hearing on

the motion to dismiss, the plaintiff need only establish a *prima*

*facie* case of personal jurisdiction and the plaintiff is entitled

to have its allegations taken as true and all factual disputes

drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d

93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co.,*

*Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007) (explaining that, because

the district court did not conduct a hearing on the Rule 12(b)(2)

motion, the plaintiff was only required to make a *prima facie*

showing of personal jurisdiction).

To make a *prima facie* showing of personal jurisdiction, the

plaintiff must "establish[] with reasonable particularity

sufficient contacts between the defendant and the forum state."

*Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217,

1223 (3d Cir. 1992).

> A Rule 12(b)(2) motion . . . is inherently a
> matter which requires resolution of factual
> issues outside the pleadings, i.e. whether in
> personam jurisdiction actually lies. Once the
> defense has been raised, then the plaintiff
> must sustain its burden of proof in
> establishing jurisdictional facts through sworn
> affidavits or other competent evidence. . . .
> [A]t no point may a plaintiff rely on the bare
> pleadings alone in order to withstand a
> defendant's Rule 12(b)(2) motion to dismiss for
> lack of *in personam* jurisdiction. Once the
> motion is made, plaintiff must respond with

actual proofs, not mere allegations.

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)); *Patterson by Patterson v. F.B.I.,* 893 F.2d 595, 604 (3d Cir. 1990); *see also United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001) ("The *prima facie* showing must be based upon evidence of specific facts set forth in the record . . . [and] go beyond the pleadings and make affirmative proof") (internal quotations omitted); *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict") (internal quotations omitted).

To determine if personal jurisdiction is proper, the Court must assess: (1) whether jurisdiction is authorized by the forum's long-arm statute and (2) whether the exercise of personal jurisdiction over the defendant would comport with due process under the United States Constitution, which requires that the defendants have certain minimum contacts with the forum. *Unlimited Holdings, Inc. v.Bertram Yacht, Inc.,* 48 V.I. 941, 944 (D.V.I. 2007); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945)).

The Virgin Islands long-arm statute provides:

>>> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

>>>> (1) transacting any business in this territory;

>>>> (2) contracting to supply services or things in this territory;

>>>> (3) causing tortious injury by an act or omission in this territory;

>>>> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;

>>>> (5) having an interest in, using, or possessing real property in this territory; or

>>>> (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

>>>> (7) causing a woman to conceive a child, or conceiving or giving birth to a child; or

>>>> (8) abandoning a minor in this Territory.

>>> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

V.I. CODE ANN. tit. 5. § 4903 (1997). This Court has interpreted the statute to apply as widely as constitutional

requirements permit, consistent with the intent of the

legislature. *See Urgent v. Tech. Assistance Bureau, Inc.*, 255 F.

Supp. 2d 532, 534-36 (D.V.I. 2003) ("[T]he Virgin Islands'

Legislature likely intended the reach of the Virgin Islands'

long-arm statute to be coextensive with the exercise of personal

jurisdiction permitted by the due process clause."); *see also*

*Unlimited Holdings, Inc.,* 48 V.I. at 945 (noting the parallel

between the long-arm statute and the due process requirements of

the constitution).

Due process requires that a foreign defendant have minimum

contacts with the forum.[4] *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Additionally, "subjecting the defendant to the court's

jurisdiction [must] comport[ ] with 'traditional notions of fair

play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*,

292 F.3d 361, 369 (3d Cir. 2002) (quoting *Int'l Shoe*, 326 U.S. at

316).  Under this standard, "jurisdiction is proper if the

defendant has taken 'action . . . purposefully directed toward

---

[4]  The Revised Organic Act incorporates by reference the fifth amendment
and the second sentence of section I of the fourteenth amendment, the due
process clause. 48 U.S.C. § 1561 (1976).  In addition, Congress enacted a Bill
of Rights for the territory, § 3 of the Revised Organic Act, which extends the
federal constitution to the fullest extent possible to the Virgin Islands, as
an unincorporated territory of the United States. *Id*. *See also In re Brown*,
439 F.2d 47, 50-51 (3d Cir. 1971).  Thus, the Organic Act requires the same
due process analysis that would be utilized under the federal constitution.
*See also Gov't of the V.I. v. Bodle*, 427 F.2d 532, 533 n. 1 (3d Cir. 1970).

the forum State.'" *Id.* at 370 (quoting *Asahi Metal Indus. Co.,
Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)).

A plaintiff can meet his burden of showing minimum contacts
in one of two ways: by establishing either specific or general
jurisdiction over a defendant. *Paradise Motors, Inc. v. Toyota de
Puerto Rico, Corp.*, 314 F. Supp. 2d 495, 498 (D.V.I. 2004).
General jurisdiction is based upon the defendant's "continuous
and systematic" contacts with the forum and exists even if the
plaintiff's cause of action arises from the defendant's non-forum
related activities. *See Vetrotex Certainteed Corp. v. Consol.
Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n. 3 (3d Cir. 1996)
(citations omitted).  In contrast, specific jurisdiction is
present only if the plaintiff's cause of action arises out of a
defendant's forum-related activities, such that the defendant
"'should reasonably anticipate being haled into court'" in that
forum. *Id*. at 151 (quoting *World-Wide Volkswagen Corp. v.
Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490
(1980)).

## III. <u>ANALYSIS</u>

The Court has not held a hearing on Chevron's motion to
dismiss for lack of personal jurisdiction.  The Plaintiffs'

burden is therefore limited to a *prima facie* showing.[5]

To state a *prima facie* case of personal jurisdiction, Mala must establish with reasonable particularity that Chevron falls within the provisions of the Virgin Islands long-arm statute, and that the requirements of due process are satisfied. *See Mellon Bank*, 960 F.2d at 1223; *Unlimited Holdings,* 48 V.I. at 945 (D.V.I. 2007); *Fin. Trust Co.*, 268 F. Supp. 2d at 566.

The Court will first address the long-arm statute's requirements.

## 1.  Virgin Islands Long-Arm Statute

Mala does not specify which section of the long-arm statute providing for jurisdiction over non-resident defendants he believes provides this Court with jurisdiction over Chevron. However, Mala has attached to his opposition a 1999 sales agreement between Texaco Caribbean, Inc. ("Texaco Caribbean") and Crown Bay Marina, L.P.  The sales contract specifies that Texaco Caribbean's address is in St. Thomas, U.S. Virgin Islands.  Under the contract, Texaco Caribbean agrees to sell to Crown Bay Marina, L.P. diesel fuel, gasoline, and lubricants.  As such, Mala seems to contend that personal jurisdiction over Chevron is

---

[5]        Neither party requested a hearing. *See, e.g., Bachmann Software & Servs. v. Intouch Group, Inc.*, Civ. No. 08-2025, 2008 U .S. Dist. LEXIS 55719, at *16 (D.N.J. July 21, 2008) (unpublished) (noting that "no party has requested an evidentiary hearing" and thus that "the plaintiff must make a prima facie showing of personal jurisdiction").

proper under either Section (a)(1), (a)(2), or (a)(3).

Section (a)(1) applies to entities "transacting any business" in the territory. *See* 5 V.I.C. § 4903(a)(1). Section (a)(2) applies to entities, "contracting to supply services or things in this territory" *See* 5 V.I.C. § 4903(a)(2). Section (a)(3) applies to anyone "causing tortious injury by act or omission in the territory." *Id.* at § 4903(a)(3).

Chevron's motion to dismiss includes the declaration of Nitza I. Ubarri ("Ubarri"), one of its finance managers. Ubarri states that Chevron's principal place of business is the Commonwealth of Puerto Rico. (Ubarri Decl. ¶ 3.) Ubarri declares that Chevron does not conduct business in, nor have any employees, offices, bank accounts, real property, or telephone service, in the Virgin Islands. (*Id.* at ¶ 4.) Ubarri also declares that, in January 2005, when Mala was injured, Chevron had no contractual or other relationship with Crown Bay Marina, and that it did not control or service fuel pumps there. (*Id.* at ¶ 5.)

The sales agreement Mala has provided fails to support a prima facie showing that this Court has jurisdiction over Chevron. At best, that agreement demonstrates a relationship between Texaco Caribbean and Crown Bay. Significantly, the agreement does not establish a relationship between Crown Bay and

Chevron, nor does it establish a relationship between Crown Bay
and Texaco Puerto Rico.

Mala also asserts in a declaration he filed that Chevron and
Crown Bay had a contractual relationship. That declaration, at
best, is self serving and conclusory. There is nothing in Mala's
declaration that indicates Mala has any personal knowledge of
this purported relationship.

"In deciding a motion to dismiss for lack of personal
jurisdiction, [the Court] take[s] the allegations of the
complaint as true. But once a defendant has raised a
jurisdictional defense, a plaintiff bears the burden of proving
by affidavits or other competent evidence that jurisdiction is
proper." *Unlimited Holdings*, 48 V.I. at 944 (quoting *Dayhoff Inc.
v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). Further,
"the plaintiff must establish personal jurisdiction by a
preponderance of the evidence." *Id.* (citing *Carteret Sav. Bank,
F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).

In short, Mala has utterly failed to adduce any evidence to
establish a connection between Chevron and the Virgin Islands.
He has also failed to establish with reasonable particularity
that such a connection exists. As such he has failed to make a
*prima facie* showing that would support the assertion of personal
jurisdiction.

## 2. Due process

If a plaintiff is able to establish that the long-arm statute applies to a defendant, the Court then addresses whether assertion of jurisdiction comports with due process. However, "because [the plaintiff has] failed to establish personal jurisdiction under the Virgin Islands long-arm statute, the Court need not engage in the due process analysis." *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 49 V.I. 1002, 1012 n. 2 (D.V.I. 2008).

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will grant Chevron's motion to dismiss for lack of personal jurisdiction.[6] An appropriate order follows.

S\ _____
                     **CURTIS V. GÓMEZ**
                      **Chief Judge**

_____

[6] In addition to arguing that this Court does not have personal jurisdiction over it, Chevron also moved to dismiss this matter pursuant to Rule 12(b)(4), for insufficient process, Rule 12(b)(5), for insufficient service of process, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted. In light of the Court resolving this matter based on personal jurisdiction, there is no need to reach the other grounds for dismissal.