```
                  DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS & ST. JOHN

KELLEY MALA                        )
                                   )
          Plaintiff,               )
                                   )
     v.                            )      Civil No. 2006-120
                                   )
MARINE SERVICE MANAGEMENT          )
d/b/a CROWN BAY MARINA, INC.,      )
"STEVE" LAST NAME UNKNOWN,         )
CHUBB GROUP INSURANCE COMPANY,     )
W. MARK WILCZYNSKI, CHEVRON        )
PUERTO RICO, LLC f/k/a TEXACO      )
PUERTO RICO, INC.                  )
                                   )
          Defendants.              )
_____)
```

**APPEARANCES:**

**Kelley Mala**
  *Pro Se Plaintiff.*

**Mark Wilczynski, Esq.**
St. Thomas, U.S.V.I.
  *For Crown Bay Marina, Inc.*

**Chad Messier, Esq.**
St. Thomas, U.S.V.I.
  *For Chevron Puerto Rico, LLC, formerly known as Texaco
  Puerto Rico, Inc.*

## ORDER

**GÓMEZ, C.J.**

This matter[1] is before the Court on the Report and Recommendation of the Magistrate Judge. Plaintiff Kelley Mala

---

[1] Other parties Mala has named include "Steve" last name unknown, Jim Armstrong, and the defendant "FNU and LNU, Company or Corporation ." The caption above reflects the most recent, accepted complaint.

("Mala") moves for the issuance of a writ of habeas corpus ad testificandum (the "writ") pursuant to § 28 U.S.C. § 2241(c)(3) and (c)(5). Mala seeks the writ so that he may be present at a civil trial on St. Thomas, U.S. Virgin Islands, in which he is the plaintiff. The trial is scheduled to begin on December 1, 2009. The defendant Crown Bay Marina, Inc. ("Crown Bay") opposes the motion.

Mala is currently incarcerated in a federal correctional facility in Miami, Florida. His incarceration is unrelated to this case. This Court is unaware of the nature of Mala's crime or duration of his sentence.

Mala's civil complaint generally alleges that he refueled his boat at Crown Bay, gas spilled into his boat, and his boat caught fire. Mala claims the fire resulted in physical injuries to his body and the loss of his boat.

Mala has, in various documents, asserted claims of negligence, loss of consortium, breach of a duty to adjust his claim, first amendment violations, and civil conspiracy. Crown Bay filed a motion to dismiss. The Court granted the motion with respect to all claims except the negligence claims. As a result, only negligence claims remain against Crown Bay. As to those claims, Mala seeks damages of $20 million for pain and suffering

and $28,000 for the loss of the boat.[2]

The grant of a writ requiring a prisoner's production as a party in a civil case such as this one is within the discretion of the district court. *Roe v. Operation Rescue*, 920 F.2d 213, 218 (3d Cir. 1990) ("It is within the district courts [sic] discretion . . . to issue a writ of habeas corpus ad testificandum requiring [a prisoner's] production as a witness or party in a federal judicial proceeding at government expense.") (citations omitted). In exercising that discretion, this Court is to consider

> the costs and inconvenience of transporting a prisoner
> from his place of incarceration to the courtroom, any
> potential danger or security risk which the presence of
> a particular inmate would pose to the court, the
> substantiality of the matter at issue, the need for an
> early determination of the matter, the possibility of
> delaying trial until the prisoner is released, the
> probability of success on the merits, the integrity of
> the correctional system, and the interests of the
> inmate in presenting his testimony in person rather
> than by deposition. . . . The interests of the inmate
> in presenting his testimony in person rather than by
> deposition subsumes other factors or considerations
> such as whether the trial is to be to the court or to a
> jury, whether the prisoner has any other witnesses to
> call at trial or whether, as here, the prisoner is the
> only person who can render testimony consistent with
> the allegations of his complaint, and whether the
> defendants themselves plan to take the witness stand. .
> . . At least one court has made an additional comment,
> with which we concur, that "(t)he court should not base
> the exercise of its discretion on the probability that

---

[2] In one of his several filings which the Court construed as an amended complaint, Mala sought $60 million in damages for pain and suffering.

      a prisoner will succeed on the merits of the claim or a presumption that the correctional institution has acted correctly with regard to the prisoner's complaint."

*Jerry v. Francisco*, 632 F.2d 252, 256 (3d Cir. 1980) (citing *Moeck v. Zajackowski*, 541 F.2d 177 (7th Cir. 1976); quoting *Ballard v. Spradley*, 557 F.2d 476, 481 (5th Cir. 1977)).[3]

    The Magistrate Judge recommended denying Mala's motion for the writ, in large part because Mala is not proceeding in this action *in forma pauperis* ("IFP"). The Magistrate is correct that a civil litigant who is not proceeding IFP cannot require the government to pay the expense of transporting him to give testimony in a civil trial. *See Operation Rescue*, 920 F.2d at 218 ("It is within the district court's discretion, *upon a defendant's proof of indigency* and confinement in a state prison, to issue a writ of habeas corpus ad testificandum requiring his production as a witness or party in a federal judicial proceeding at government expense.") (emphasis supplied) (citations omitted).

    Mala has filed a document labeled a "motion to alter or amend judgment." The Court construed that document as a motion to proceed IFP. Mala attached a form affidavit regarding his financial status to the motion, but failed to answer all of the questions it posed. Specifically, Mala did not answer the

---

[3] Neither party has addressed these factors, nor have they provided evidence to aid in the Court's consideration of them.

questions regarding his current employment, if any. Mala supplied an inmate account statement, as required by 28 U.S.C. § 1915.[4] However, that statute requires an account statement for the six month period preceding the filing of the complaint. The statement Mala supplied covered the period of April 1, 2009 to October 17, 2009. This matter was originally filed on July 27, 2006. As such, Mala was required to provide an inmate statement covering the period of January 27, 2006 to July 27, 2006. He has not done so.

The premises considered, it is hereby

**ORDERED** that the Magistrate Judge's report and recommendation to deny the petition for a writ ad testificandum

---

[4] That statute provides, in pertinent part:

(a) (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a).

is **ADOPTED**; it is further

**ORDERED** that Mala's motion for a writ ad testificandum is **DENIED** without prejudice; it is further

**ORDERED** that the trial of this matter, currently scheduled for December 1, 2009, is **RESCHEDULED** to begin promptly at 9:00 a.m. on April 5, 2010; it is further

**ORDERED** that if Mala wishes to proceed IFP, he shall, no later than December 30, 2009, file an application to proceed IFP supported by the documentation required by 28 U.S.C. § 1915, including a complete affidavit and an account statement for the required six month period; it is further

**ORDERED** that, should Mala wish to attend the rescheduled trial, he shall file a motion for a writ ad testificandum no later than January 30, 2010, or file a bond with the Court covering the expense of his transportation to, and confinement on, St. Thomas; it is further

**ORDERED** that, no later than December 30, 2009, Mala shall file a document informing the Court of his scheduled release date from incarceration.

S\_____
    **CURTIS V. GÓMEZ**
      **Chief Judge**