IN THE DISTRICT COURT FOR THE VIRGIN ISLANDS
DIVISION FOR ST.THOMAS AND ST.JOHN

KELLEY MALA, et al.,
    Plaintiff,

vs.     CIVIL.NO.2006-120

CROWN BAY MARINA,INC, et al.,
    Defendants.

MOTION BY PLAINTIFF KELLEY MALA IN RESPONSE AND OPPOSITION TO DEFENDANT CROWN BAY MRAINA'S POST MOTION SEEKING TO HAVE THE COURT SET ASIDE THE JURY VERDICT GUILTY OF NEGLIGENT MAINTENANCE

COMES NOW, the Plaintiff Kelley Mala moves and requesting the Honorable Court deny the Defendant Crown Bay Marina's post motion seeking to set aside the Jury verdict guilty of Negligent Maintenance stating for the following;

On December 6,2010 a jury trial was convened in the instant civil action claims for injury and damages.

On December 7,2010 after Plaintiff and the name Defendant Crown Bay Marina,Inc presented it's case the trial jury rendered an anonymous verdict in favor of the plaintiff against Defendant element as charge Negligent Maintenance of it fuel pump nozzle dispenser.

The Defendant's now opposes the jury verdict and tends to states the Plaintiff Mala have failed to establish or present element of tort negligent maintenance.

When review the trial transcripts testimony of Marine Expert witness on cross-examination by the Plaintiff Mala reading into the record and the very same photos Defendant Crown Bay Marina presented "THERE IS NO AUTOMATIC SHUTOFF" and review NFPA 303 Fire Protection Standard for Marinas and Boatyards clearly establishes Defendant's guilty as charge Negligent Maintenance.

As the Honorable Court own formed Jury Instruction #13 at page 20 stated and instructed:

> The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons by their opinions.
>
> You should consider each expert opinion received in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, of if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

As the evidence in this civil case presented at trial reveal and established by Defendant Crown Bay Marina's own expert witness James Allen, (1) the fuel nozzle dispenser used at Crown Bay Marina, "OPW 11 A" Unleaded Fuel Nozzle is manufacture with "Automatic Shutoff" and is the same model and make used at inland car gasstations, (2) the automatic shutoff would activate once fuel touches the tip of the fuel dispenser nozzle, (3) as National Fire Protection Standard for Marinas and Boatyards Title 303 section 6.3.9 states; The nozzle **shall be inspected daily for proper operation. Any nozzle that shows evidence of possible malfunction or leaking shall be removed from service.**

2.

As the National Fire Protection Standard for Marinas and Boatyards Title 303 section 6.3.9 direct and mandate to Defendant Crown Bay Marina, (1) a duty to inspect --- it's fuel nozzle dispenser daily for proper operation and function and to remove from service the fuel nozzle dispenser, (2) Crown Bay Marina own admission in posting a sign "THERE IS NO AUTOMATIC SHUTOFF" breach of duty in failing to remove it fuel pump #8-#7 from service while having direct knowledge the manufactured automatic shutoff was not working, (3) was the direct causation fuel over spilled into the Plaintiff's vessel **"Ipso facto"** that created liquid agent to ignite and cause the fire, had no gas over spilled into Plaintiff Mala's vessel there could be no fire, (4) the undisputed fact exist Plaintiff Mala was injured and vessel total lost.

## MEMORANDUM OF STATUE AND LAW IN SUPPORT

Admiralty §15.10-Negligent Maintenance- Action Generally requires a plaintiff who assert a claim for negligent maintenance must allege and present evidence the charge Defendant had (1) a duty , (2) breach of the duty, (3) proximate causation, and (4) damages. see as held in Kelley Mala v. MARINE SERVICE MANAGEMENT, d/b/a CROWN BAY MARINA,Inc 2009 U.S. Dist Lexis 61959 (D.V.I. July 20,2009).[Headnotes classified to Virgin Islands Digest] 8.8. Admiralty §15.10 Negligence-Action Generally.

3.

Count one- negligent maintenance the Defendant Crown Bay Marina was convicted of, is recognizes under Maritime negligence and Common law negligence. There was sufficient evidence established through the testimony of Marine expert witness James Allen to support the guilty verdict and conviction of Defendant Croan Bay Marina.

The evidence further presented establishes under Title 7.7. Admiralty § 15.10 Negligence-Action generally Maritime law recognizes a claim for personal injury to a non-seaman aboard a vessel, due to negligence. Maritime negligence is much like common law negligence, except that the standard of care does not vary based on the status of the injured person, and the doctrine of comparative negligence applies. Under Common law Virgin Islands Codes 5 V.I.C. §1451 (a) In any action based upon negligence to recover for injury to person or property, the contributory negligence of the plaintiff shall not bar a recovery , but the damages shall be diminished by the trier of fact in proportion to the amount of negligence attributable to the plaintiff. see held by the Supreme Court in Kermarec, 358 U.S. at 629, 631-32) as same contributory negligence of the plaintiff shall not bar a recovery in claims.

As the evidence, records, law, title and status establishes and presented in civil matter support sufficiency of the verdict and the Defendant's posted sign is admission of direct element as charge negligence maintenance in light of Defendant Crown Bay testimony of fuel attendant DeSilva testimony was; Crown Bay --- fuel pump nozzle dispenser had before automatic shutoff functional.

As the evidence further establishes even with a foreign object wedged into the fuel nozzle handler as in claim by the Defendant Crown Bay Marina assertion in defense, still if the fuel nozzle dispenser automatic shutoff was functional no gas would have over spilled and as the undisputed fact remains the fuel pumps nozzle dispenser handler used at Crown Bay Marina is manufactured with automatic shutoff function and is trigger once fuel touch the tip of the nozzle. see attached high-lighted as manufactured spec at page 2. the fuel used at Crown Bay Marina have a positive shutoff even if held in wide -open position by user.

National Fire Protection Standard for Marinas and Boatyards Regulation 303 §6.3.9 mandate and direct nozzles shall be inspect daily and taken out of service once not functioning properly, see attached in support high-lighted.

Defendant Crown Bay Marina own Marine expert witness and fuel attendant have established in support of the Plaintiff Mala claim sufficiency of evidence to up hold the verdict as rendered by the trial jury and to assist the Honorable Court to deny Defendant's post trial motion to set aside the jury verdict.

WHEREFORE Plaintiff Kelley Mala, prays this motion is granted and Defendant Crown Bay Marina's post trial motion to vacate or set aside the verdict and judgment entered on December 7,2010 Defendant's guilty of negligent maintenance is deny.
Respectfully submitted this day December 13,2010

_____
Kelley Mala- Plaintiff

P.O. BOX 6493
St.Thomas, V.I. 00804

CERTIFICATE OF SERVICE

I Kelley Mala certify a copy of this motion served on Defendant CROWN BAY MARINA,INC at LAW OFFICE OF W.MARK WILCZYNSKI Suite C20-22 Palm Passage St.Thomas, V.I. 008011 this day 12/13/2010 by hand delivery .

_____

6.