IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

———

| | |
|---|---|
| KELLEY MALA, ) | |
| ) | CIVIL NO: 2006-120 |
| ) | |
| Plaintiffs, ) | MARITIME ACTION FOR PERSONAL |
| ) | INJURIES |
| vs. ) | |
| ) | |
| CROWN BAY MARINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CROWN BAY'S SUPPLEMENT TO ITS ORAL MOTION FOR JUDGMENT

COMES NOW the Defendant CROWN BAY MARINA, INC. ("Crown Bay"), by and through its undersigned counsel, and hereby supplements the evidence and arguments made in support of the oral motions for judgment as a matter of law made by the Defendant at the close of the Plaintiff's case and the close of the evidence at trial.[1]

## FACTUAL BACKGROUND

The Plaintiff brought this action for personal injuries and property damages upon allegations that Crown Bay negligently maintained its fuel pumps and that Crown Bay negligently supervised its employee. This matter was tried before the Court with an advisory jury on December 6-7, 2010. In his case in chief, the *pro se* Plaintiff called himself as a witness and called one other friend,

---

[1] This maritime case was tried with an advisory jury. Counsel's oral motion at trial was for judgment as a matter of law, which is governed by Fed. R. Civ. P. 50. As explained further below, this is more properly a motion for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c), based upon the fact that this was an advisory jury only. The Defendant apologizes for any confusion on the record associated therewith.

Mr. David Burgess, to testify as to the events of January 6, 2005. Once the Plaintiff rested his case in chief, the Defendant orally moved for judgment as a matter of law, asserting that no evidentiary basis upon which a reasonable jury could find for the Plaintiff. This Court granted that motion as to the negligent supervision count but reserved ruling as to the negligent maintenance count. Crown Bay thereafter presented three lay witnesses and three expert witnesses. At the close of its case, it renewed its motion for judgment as a matter of law. The Court again reserved ruling.

The advisory jury returned an advisory verdict for the Plaintiff. The Court thereafter informed the Plaintiff of the advisory nature of the verdict and directed the parties to submit proposed findings of fact and conclusions of law. This Court has not yet rendered a conclusive decision on either of the oral motions for judgment as a matter of law.

On Saturday, December 11, 2010, the Defendant received a copy of the trial transcript, providing significant support for its position on those motions. With this transcript as its support and in advance of this Court's providing its finding of facts and conclusions of law, Crown Bay seeks to supplement in writing those oral motions made at trial and herein moved for judgment on partial findings.

## JUDGMENT ON THE PARTIAL FINDINGS

In jury trials, judgment as a matter of law is proper where no reasonable jury could find for a party after their opportunity to present evidence of their claims. The parallel of that procedure where a bench trial or advisory jury trial is

concerned is a motion for judgment on partial findings pursuant to *Fed.R.Civ.P.* 52(c). *Federal Ins. Co. vs. HPSC, Inc.,* 480 F.3d 26, 32 (1st Cir. 2007)(motion for judgment as a matter of law in a non-jury trial treated as a motion for judgment on partial findings under Rule 52(c)). The text of the rule makes clear that it applies in actions "tried on the facts without a jury *or with an advisory jury…*" *Fed.R. Civ. P.* 52(a)(1).

> "In deciding whether to enter judgment on partial findings under Rule 52(c), the district court is not required to draw any inferences in favor of the non-moving party; rather, the district court may make findings in accordance with its own view of the evidence." *Ritchie v. United States,* 451 F.3d 1019, 1023 (9th Cir. 2006); *see also Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 554-55, 110 S. Ct. 1331, 108 L. Ed. 2d 504 (1990) (discussing difference between Rule 41(b), the predecessor to Rule 52, where the court weighs evidence as the trier of facts, and Rule 50(b), where the court draws all factual inferences in favor of the nonmoving party).
>
> *Akerley vs. North Country Stone, Inc.,* 620 F. Supp. 2d. 591 (D.C. Vt. 2009).

Crown Bay supplements the motions made at the end of the Plaintiff's case and at the end of the trial evidence and moves for judgment on the simple and undeniable grounds that the Plaintiff has absolutely failed to either present evidence in support of his case or present evidence in rebuttal of the Defendant. Crown Bay is entitled to judgment on the facts.

**ARGUMENT**

**I. JUDGMENT FOR THE DEFENDANT WAS PROPER AT THE CLOSE OF THE PLAINTIFF'S CASE IN CHIEF AS THE PLAINTIFF FAILED TO ESTABLISH THE REQUISITE ELEMENTS TO RECOVERY IN THIS CAUSE**

The Plaintiff did not meet his burden on December 6, 2010. His presentation was, by any measure, cursory.[2] Redacting away those things which are not evidence (opening statements, objections, rulings by the court) reveals a transcript that is more black than white. Whole passages and complete discussions are without evidentiary value. The redactions are so pervasive that the reader begins to expect the phrases "book depository building" or "enhanced interrogation technique" to begin popping in when the testimony resumes. Attached hereto as **Exhibit A** is a redlined version of the Plaintiff's case in chief. Attached hereto as **Exhibit B** is a fully redacted version of the Plaintiff's case in chief.

The only conclusion that a reading of this transcript allows is that the Defendant should have been granted judgment on partial findings at the close of the Plaintiff's case. After more than four years of litigation, Mr. Mala had his opportunity to present this case. He fell flat.

Such a motion would typically rest upon a brief summary of the evidence presented. No such brevity is warranted here. The Plaintiff's presentation was so threadbare that it can be fairly and fully presented in this motion. The Plaintiff's case in chief provided the following evidence:

---

[2] The Court Reporter's indication of the time at various junctures confirms that the presentation of the Plaintiff's case was no more than seventy-eight (78) minutes, a period which encompasses significant activity outside the presence of the jury – including the examination of David Burgess in regard to the motion to exclude portions of his testimony.

Testimony of Kelly Mala

- On January 6th, Mr. Mala entered the Crown Bay Marina. *Transcript,* Ex A, p. 16, lns. 6-8.

- At that time, he left his boat to purchase fuel. *Id.,* p. 17, lns. 12-17.

- At the time he left his boat there was a Crown Bay fuel attendant standing alongside his boat. *Id.,* p. 17, ln. 18 to p. 18, ln. 2; *and* p. 18, lns. 12-13; *and* p. 19, lns. 1-5.

- Mr. Mala was coming back from the fuel office – about 40 feet away from his boat -- when he witnessed fuel spraying into the air, onto the vessel floor, and into the harbor; at which time the Crown Bay attendant moved swiftly to off the pump. *Id.,* p. 20, lns. 10-13 and 18-20; and p. 20, lns. 22-25; and p. 21, lns. 1-2.

- Mr. Mala was upset and requested assistance in cleaning his boat; to which the fuel attendant, Steve DeSilva, responded by providing him with a water hose and liquid soap. *Id.,* p. 21, lns. 3-13.

- Mr. DeSilva then returned to the fuel dock office, leaving Mr. Mala to clean his boat. *Id.,* p. 21, ln. 14 to p. 22, ln. 4.

- Before leaving Mr. DeSilva instructed Mr. Mala not to pump the "liquids and gasoline" into the harbor. *Id.*, p. 22, lns. 2-7.

- Mr. DeSilva did not help him with the cleaning, other than to provide the materials. *Id.,* p. 22, lns. 8-15; and p. 22, ln. 23 to p. 23, ln. 2.

- Mr. Mala was not instructed not to leave the marina. *Id.,* p. 23, lns. 3-5.

- Mr. Mala was not instructed that materials could be provided to him. *Id.,* p. 23, lns. 6-8.

- Mr. Mala did not witness a 'no automatic shutoff' sign on the fuel pump. *Id.,* p. 23, lns. 9-11.

- Mr. DeSilva did not point out that there was no automatic shut-off. *Id.,* p. 23, lns. 12-15.

- Mr. Mala requested that the fuel attendant obtain two-cycle oil for him but the attendant instructed him that he could leave his boat and retrieve the fuel from the fuel office, and no one stopped him from doing so. *Id.,* p. 24, ln. 19 to p. 25, ln. 3; and p. 25, lns. 17-21.

- After cleaning his boat and then leaving the marina, Mr. Mala's boat caught fire. *Id.,* p. 25, lns. 22-25.

- Mr. Mala attempted to fight the fire with an extinguisher but it got out of control and the boat exploded. *Id.,* p. 26, lns. 1-5.

- Mr. Mala was thrown into the harbor, where he was picked up and taken to the dock. *Id.,* p. 26, lns. 6-8.

- He was taken to the hospital but left a short time later based upon his religious beliefs and delays, seeking instead to treat himself with home and bush remedies. *Id.,* p. 26, lns. 9-19; and p. 27, ln. 6-10.

- He received painful burns to his hands, arms, torso, legs, feet, and private area. *Id.,* p. 26, ln. 20 to p. 27, ln. 5.

- He brought into evidence photos showing the burns to his body, as well as his fire-damaged boat. *Id.,* p. 29, ln. 13 to p. 32, ln. 17.

- His boat was equipped with a fire extinguisher and all other safety equipment. *Id.,* p. 33, lns. 1-6.

- Mr. Mala stayed indoors after the injury until March of 2005. *Id.,* p. 34, lns. 6-8.

- Mr. Mala had difficulty sleeping, pain, and discomfort. *Id.,* p. 34, lns. 9-13.

- Mr. Mala used Tylenol and Neosporin to treat his injury. *Id.,* p. 34, lns. 14-17.

- With regard to medical attention, he attempted to rest and "reset himself" and move on with his life and he did not receive further medical treatment until August of 2005 when he was arrested and charged with conspiracy to import drugs. *Id.,* p. 34, ln. 18 to p. 35, ln. 11; and p. 36, lns. 6-9.

That, simply, is the record of the testimony of the most significant witness in the Plaintiff's case. Where many cases suffer from a few evidentiary holes, Mr. Mala's case is subject to vast logical crevasses. There is not even the permissible suggestion of a malfunction of Crown Bay's physical equipment, let alone evidence of that malfunction. There is no evidence to support an inference that any duty was breached or that such a breach, even if it existed, was the cause of the injuries that the Plaintiff suffered in this case.

The only other witness presented by the Plaintiff in his case was his friend and former employer, David Burgess. Burgess' testimony was that he was an eyewitness to some of the events of January 6, 2005. He stated that while present at Crown Bay Marina, he witnessed a fuel spill and a 'heated discussion' over a fuel spill on a blue and white boat which was 50 to 100 feet away from where he was provisioning his boat. He also states that Crown Bay's fuel attendant was in the vicinity. He does not identify the blue and white boat as belonging to Kelley Mala or identify Mr. Mala as a party to this discussion. He does not identify the other party to the 'heated discussion' or provide any detail as to how, exactly, you can identify gasoline spilled on the deck of a boat more than fifty feet away. The testimony of David Burgess definitely generates more heat than light. It fails to illuminate any of the central issues or speak to any of the deficiencies left unanswered by the Plaintiff's testimony.

And that was it. The Plaintiff rested his case without introducing further witnesses or evidence. In addressing the Defendant's original motion for

judgment at the close of his case, the Plaintiff could sense that he was deficient in his proofs.

> THE COURT: You have a nice argument on surmise and speculation, but what concrete evidence do you have supporting -- or you've presented that supports or establish that there's been negligent maintenance of the pump, or –
>
> MR. MALA: Well, the thing is, Your Honor --
>
> THE COURT: -- or the attendant was negligently supervised by Crown Bay, assuming that he was not doing his job properly –
>
> MR. MALA: Well, Your Honor --
>
> THE COURT: -- that you have established here?
>
> MR. MALA: Well, Your Honor, at the time, it is, due to that the cross-examination -- examination was kind of unique and I was fumbling, it is, for want of exposure to the matter, you know. It's a unique situation that I'm in.
>
> *Id.,* p. 71, lns. 9-24.

The Plaintiff had a notion that he could rely on the Defendant's witnesses but elected not to call those witnesses himself. If he was a lawyer, he'd be calling his malpractice carrier.

The Plaintiff presents, in the words of this Court, a case built on surmise and speculation. There is simply too much left undone here. He must establish these proofs himself and cannot rely upon the Defendant to present his theories in some cogent (even if counter) fashion. The motion for judgment on partial findings at the close of the Plaintiff's case should have been granted.

## II. JUDGMENT FOR THE DEFENDANT WAS PROPER AT THE CLOSE OF THE DEFENDANT'S CASE AS THE RECORD THEN ESTABLISHED THAT THE WEAK CASE SET OUT BY THE PLAINTIFF HAD BEEN FURTHERED REDUCED AND THE EVIDENCE THEN POINTED TO A RECOVERY BAR THROUGH SUPERSEDING/INTERVENING CAUSE

The Defendant reiterates its arguments made in support of the oral motion at the close of the evidence.  At this time, it addresses these arguments in only the barest fashion.  As the Defendant's case was presented with less interruption and objection, there was little ambiguity of the facts presents or conclusions permissible therefrom.  The Defendant provided clear evidence that Mr. Mala and not Crown Bay Marina was to blame for the incident of January 6, 2005.

Simply put, it is preposterous to suggest that the Defendant's case added heft to the Plaintiff's proceedings.  The Defendant presented evidence that it's employees were careful and knowledgeable, that its pumps were properly operating on the day in question, that its pumps were within the industry standard, that it provided him assistance in cleaning his fuel spill, that it warned Mr. Mala that he shouldn't leave the dock, that the resulting injuries were transient (if ever present), and that short of smoking a hand-rolled Cuban cigar while doing it, Mr. Mala violated just about every rule the Coast Guard ever wrote having to do with putting gasoline into a boat.  His cross-examinations were nearly non-existent and he offered no rebuttal evidence.

Faced with the difficult prospect with drilling holes in swiss cheese, the Defendant managed to make Mr. Mala's case all the more unlikely.

WHEREFORE, the Defendant respectfully prays that this Honorable Court grant this motion and direct judgment upon partial findings as to the close of the Plaintiff's case or, in the alternative, at the close of the evidence, and issue findings of fact and conclusions of law in accord therewith, and for such other

and further relief as this Court may deem proper and just.  A draft Order is attached as **Exhibit C**.

DATED:  December 13, 2010        /s/ W. MARK WILCZYNSKI
W. MARK WILCZYNSKI, ESQ.
Law Office of W. Mark Wilczynski, P.C.
Attorney for the Defendant –
  **CROWN BAY MARINA, INC.**
Palm Passage, Suite C20-22-P.O. Box 1150
St. Thomas, VI  00804-1150
Telephone:   (340) 774-4547
Fax No:       (340) 774-4759
V.I. Bar No: 515

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of December, 2010, I electronically filed the foregoing **CROWN BAY'S SUPPLEMENT TO ITS ORAL MOTION FOR JUDGMENT**, with the Clerk of the Court using the CM/ECF system and have also directed a copy of the foregoing to be served by mailing same, postage prepaid to the below-stated addresses:

**KELLEY MALA**
P.O. Box 6493
St. Thomas, VI 00804

   /s/ W. MARK WILCZYNSKI