IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

KELLEY MALA,

                              Plaintiff,            Civil No. 2006/120

           v.

CROWN BAY MARINE, INC.,

                              Defendants.

REPORT AND RECOMMENDATION REGARDING
"MOTION BY PLAINTIFF UNDER RULE 50(b), 59(e) REQUESTING FOR A NEW
TRIAL OR IN THE ALTERNATIVE ALTER AND VACATE (DE.#493)JUDGMENT
RENDERING IN FAVOR FOR DEFENDANT IN ERROR TO JURY VERDICT
DECEMBER 7, 2010 IN FAVOR TO THE PLAINTIFF"

Before the Court is plaintiff Kelley Mala's motion for a new trial under Federal Rule of Civil Procedure 50(b) or, in the alternative, under Rule 59(e) to alter or vacate the Judgment entered by the Court on December 14, 2010. For the reasons set forth below, it is recommended that this motion be denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The relevant facts are as follows.  On January 6, 2005, plaintiff went to the defendant's dock to fuel his boat.  As he was fueling, plaintiff rigged the fuel pump nozzle so that the boat would continue fueling while he went into the marina's office to purchase oil.  Upon exiting the office, plaintiff saw that fuel was overflowing from the hose and the boat's gas tank into the water and into plaintiff's boat.  After Mala removed the fuel pump nozzle and stopped the flow of fuel, the attendant at the dock, who had not assisted Mala in the fueling process, gave Mala soap and water

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 2 of 14

to clean his boat, and left.  Thereafter, plaintiff motored away

from the marina in his boat, which a short time later caught fire.

Plaintiff suffered burns in the fire.

A.   <u>Plaintiff's Jury Demand and the Use of an Advisory Jury</u>

Mala, acting *pro se*, brought suit against Crown Bay Marina,

Inc. and others in July 2006, alleging various causes of action

sounding in negligence.[1]  Mala alleged jurisdiction in the District

Court based on both diversity and admiralty[2], and he demanded a

trial by jury (ECF #1).  On March 26, 2008 (ECF # 70), Mala filed

an "Initial Amended Complaint," alleging only admiralty

jurisdiction, and without a new jury demand.  After Crown Bay moved

to dismiss, on December 8, 2008, Mala filed yet another Amended

Complaint, again alleging only admiralty jurisdiction, but this

time including a jury demand.  In a Memorandum Opinion entered on

July 20, 2009 (ECF # 170), the Court disallowed a subsequent

attempt to amend, but noted that although there was no diversity of

citizenship, Mala had successfully invoked the Court's admiralty

jurisdiction.

Crown Bay had moved to strike plaintiff's jury demand (ECF #

221), contending that plaintiff had no right to a jury trial in an

---

[1]  The other defendants were either not served or were
dismissed.

[2]  28 U.S.C. §§ 1332, 1333.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 3 of 14

admiralty action.   Plaintiff in opposition contended that he
alleged two bases for the Court's jurisdiction, both diversity and
admiralty, that he "never consented to convert or re-characterzed
[sic] . . .[his] claims to only admiralty," and that in diversity
actions, "the right to a jury trial is preserved through the
'savings to the suitors' clause."[3]  On June 16, 2010 (ECF # 374),
the Court denied without prejudice Crown Bay's motion to strike
plaintiff's jury trial demand.   On October 20, 2010, plaintiff
renewed his request for a jury trial, which Crown Bay opposed.  At
the Final Pretrial Conference on December 6, 2010, Crown Bay again
argued that plaintiff was not entitled to a jury trial because this
matter was before the Court on its admiralty jurisdiction.   The
Court agreed, but stated that it would exercise its discretion to
impanel an advisory jury pursuant to Rule 39(c).   Neither party
objected.

B.   Plaintiff's Motion to Recuse

     On June 24, 2010 (ECF # 380), Mala moved to recuse Judge

---

[3]  When 28 U.S.C. 1333(a)(1) was enacted to give the
district courts original jurisdiction over civil cases of
admiralty or maritime jurisdiction, the "saving to suitors"
clause preserved to a litigant the ability to pursue an *in
personam* maritime action in a state court.  *Romero v.
International Terminal Operating Company*, 358 U.S. 354,362-63
(1959).  District courts have exclusive jurisdiction of *in rem*
maritime actions.  Thus, pursuant to the saving to suitors
clause, Mala could have brought this action in the Superior Court
of the Virgin Islands; the clause has no bearing on his right to
a jury trial in a purely admiralty action in the federal court.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 4 of 14

Sánchez, who had been assigned to the case.  The Court denied
Mala's motion on October 18, 2010 (ECF # 423), ruling that Mala had
not shown any bias, prejudice or lack of impartiality.  Mala
appealed Judge Sánchez' ruling and then moved to continue the
December 6, 2010 trial date, arguing that the Court did not have
jurisdiction to proceed with the trial because of the appeal.  The
Court analyzed the factors relevant to a motion to stay pending
appeal and denied Mala's motion (ECF # 454).

Mala proceeded to trial on December 6, 2010, under two
theories: (1) that defendant's fuel pumps had been negligently
maintained; and (2) that defendant was negligent in its supervision
of its fuel dock attendant.  At the close of Mala's case-in-chief,
Crown Bay renewed its prior motion for summary judgment and moved
for judgment as a matter of law.  The Court granted Crown Bay's
motion as to the negligent supervision claim.  On December 7, 2010,
the advisory jury returned a verdict for plaintiff.  On December
14, 2010, the Court rejected the advisory jury's verdict, made
findings of fact and conclusions of law, and entered Judgment for
Crown Bay on the negligent maintenance claim.  This motion
followed.

Mala asserts four reasons justifying a new trial or to alter
or vacate the Judgment.  First, Mala claims he was denied a Seventh
Amendment right to a jury trial because he demanded a jury trial

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 5 of 14

and never consented to an advisory jury.  Second, Mala argues the
Court did not have jurisdiction to proceed with the trial because
his appeal of the denial of his motion for recusal was pending
before the Third Circuit Court of Appeals.  Third, Mala claims the
Court erred in not allowing the admission into evidence of Crown
Bay's "Spill Removal and Countermeasure Plan."   Fourth, Mala
contends the Court erred because it did not allow Mala to question
Crown Bay's expert about a document Mala had obtained from the
internet.  Each of these allegations of error will be treated in
turn.

## II.  **LEGAL STANDARDS AND DISCUSSION**

Plaintiff moves for a new trial under Rule 50(b).  Rule 50(b)
is only applicable, however, to cases tried before a jury where a
party had previously made a motion for a judgment as a matter of
law.  Here, the jury was only advisory, and Mala did not make a
Rule 50(a) motion for a judgment as a matter of law during the
trial.  The motion for a new trial should have been made pursuant
Rule 59(a)(1)(B), which provides that the Court may grant a motion
for a new trial on all or some of the issues after a nonjury trial.
A motion for a new trial in a nonjury case should be based upon
error of law or mistake of fact on the face of the record.[4]

---

[4]  *Pioneer Paper Stock Company v. Miller Transport Company*,
109 F. Supp. 502, 504 (D.N.J. 1953)(citation omitted).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 6 of 14

Further, a judgment should not be set aside except for substantial reasons.[5]

In the alternative, Mala asks the Court to alter or vacate the Judgment under Rule 59(e).  A court may grant a motion to alter or amend a judgment if the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [entered judgment] . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[6]   Manifest injustice is defined as "'an error in the trial court that is direct, obvious, and observable . . . .'"[7]

A.    The Advisory Jury

Mala contends that he had a right to a jury trial under the Seventh Amendment, which he never waived.  As such, he argues, the Court erred in rejecting the jury's verdict.  Crown Bay, on the other hand, contends that the right to a jury trial applies only to common law actions, and not to cases before the Court on its admiralty jurisdiction, unless there is another, independent ground for the Court's jurisdiction.

_____

[5] See Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2804, at 53 (2d ed. 1995).

[6] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[7] *Teague Conway v. A.I. Dupont Hospital For Children*, 2009 U.S. Dist. LEXIS 45198, at *28, n. 8 (E.D. Pa. May 26, 2009)(citations omitted).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 7 of 14

In support of his argument, Mala primarily relies on *Collins v. Government of the Virgin Islands*[8] and *Depinto v. Provident Security Life Insurance Company*[9]. *Collins*, however, dealt with the issue of whether a party could rely on a timely jury demand made by another party to the action. The *Collins* Court determined that a party could do so "to the extent of the issues embraced by the demand" of the other party.[10] *DePinto* involved the right to a jury in a stockholder's derivative suit on an issue cognizable in a suit at common law.[11]

This case is distinguished from both *Collins* and *DePinto* because those cases were actions premised on the common law, rather than, as with Mala's claims, on federal maritime law. In this Court's Memorandum Opinion dated July 20, 2009 (ECF # 170), the Court concluded that plaintiff's action would proceed under the Court's admiralty jurisdiction. There is no right to a jury trial in an admiralty action,[12] whether a demand for one is made or not.

---

[8]   366 F.2d 279 (3d Cir. 1966).

[9]   323 F.2d 826 (9th Cir. 1963).

[10]   *Collins*, 366 F.2d at 284.

[11]   *DePinto,* 323 F.2d at 837.

[12]   *Romeo v. International Terminal Operation Company,* 358 U.S. 354, 363, 369 (1959)*; Haskin v. Point Towing Company*, 395 F.2d 737, 743 (3d Cir. 1968); *Sevison v. Cruise Ship Tours, Inc.*,1997 U.S. Dist. LEXIS 12728, at *16, n. 1 (D.V.I. August 15, 1997).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 8 of 14

Rule 38(e) of the Federal Rules of Civil Procedure provides that "these rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Rule 9(h) provides that a claim before the Court based on only its admiralty jurisdiction is an admiralty claim for the purposes of Rule 38(e). But, even though there is no right to a trial by jury in an admiralty action, under Rule 39(c)(1),[13] a court may try such an action with an advisory jury. The court should, however, advise the parties that the jury is only advisory.[14] When a court tries an action before an advisory jury, it has the discretion to reject or accept the advisory jury's verdict.[15]

Here, consistent with Rule 39(c)(1), the Court tried the case with an advisory jury. Based on the Court's discussion with the parties at the Final Pretrial Conference, it should have been clear to Mala[16] that the Court was proceeding with a jury for advisory

---

[13] Rule 39(c)(1) provides that "[i]n an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury. . . ."

[14] Wright and Miller, Federal Practice and Procedure: Civil 3d § 2335 (2008).

[15] *Greenwood v. Greenwood*, 234 F.2d 276, 278 (3d Cir. 1956).

[16] Mala seems to argue that he did not know that the parties were proceeding with an advisory jury. The Court's extended discussion with the parties in connection with Mala's motion for a jury trial at the December 6, 2010 Final Pretrial Conference belies that notion.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 9 of 14

purposes only, and Mala did not object to this.   Further,
consistent with the Court's discretion to accept or reject the
advisory jury's verdict, the Court rejected the advisory jury's
verdict.  Because this was a maritime negligence action before the
Court based on its admiralty jurisdiction, Mala was not entitled to
a jury trial.   As such, the Court did not err in rejecting the
advisory jury's verdict and entering Judgment for Crown Bay.

B.    The Court's Jurisdiction

     Mala contends that the Court erred in proceeding to trial
because his pending appeal of the Court's denial of his motion to
recuse deprived the Court of jurisdiction.  Under 28 U.S.C. § 1291,
only final orders are appealable.   "As a general rule, a district
court's order is appealable  . . . only when the decision 'ends the
litigation on the merits and leaves nothing for the court to do but
execute the judgment.'"[17] The denial of a motion to recuse is not
a final appealable decision under 18 U.S.C. § 1291.[18] Since Mala
appealed only a recusal order, the Court did not lose jurisdiction
of the action, and properly proceeded with the trial.

---

     [17]  *Mendez v. Puerto Rican International Companies*, Inc.,
553 F.3d. 709, 710 (3d Cir. 2009)(citations omitted).

     [18]  See *Green v. Murphy*, 259 F.2d 591, 594 (3d Cir. 1958).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 10 of 14

C.   Evidence of the "Spill Removal and Countermeasure Plan"

Mala contends that the Court erred when it would not permit him to introduce Crown Bay's "Spill Removal Countermeasure Plan" into evidence during the cross-examination of Crown Bay's witness DeSilva.  This evidence was only relevant to the issues raised in the negligent supervision claim, which had previously been dismissed after Mala concluded his case-in-chief.  Crown Bay's Spill Removal and Countermeasure Plan was not relevant to the determination of any remaining claim.

Under Rule 402 of the Federal Rules of Evidence, only relevant evidence is admissible.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.  Here, the Court determined that DeSilva's duties and responsibilities in fuel spill removal, with which the excluded evidence dealt, would not assist the Court in its determination of whether the fuel pump nozzles were negligently maintained.  As such, the Court properly sustained Crown Bay's objection.

D.   Evidence of Information From the Internet

Finally, Mala contends that the Court erred when it sustained Crown Bay's objection to his attempt to examine Crown Bay's expert by showing him a document about fuel pump nozzles Mala had obtained

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 11 of 14

from the internet.  Mala contends that the document was "self-authenticating" and relevant.  Crown Bay had objected, arguing the document was "unidentified and unverified," that it would be "prejudicial," and that it had not been "properly through the discovery process."[19]

Under Federal Rule of Evidence 901(a), documents must be authenticated before they are admitted into evidence.  Rule 901(b)(1) provides that authentication may be accomplished by testimony of a witness with knowledge that the matter is what its proponent claims it to be.  Mala had not sought to introduce the document into evidence, however, which would have required authentication.

Federal Rule of Civil Procedure 37()(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e)[20], the party is not allowed to use the information . . at trial, unless the failure was substantially justified or harmless."

---

[19]   Trial Transcript, December 7, 2010, at p. 85.

[20]   Rule 26(a)(1)(ii) provides that without awaiting a discovery request, a party must provide a copy of all documents that the party has in its possession, custody, or control and which it may use to support its claims or defenses.  Rule 26(e) requires a party to timely supplement its initial disclosures, any responses to interrogatories, requests for production of documents, or admissions.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 12 of 14

Further, generally, "courts have discretion to impose whatever sanctions are appropriate 'to hold the scales of justice even.'"[21]

Here, by its ruling on Crown Bay's objection, the Court in its discretion determined that Mala could not use the document to question Crown Bay's expert because it had not been previously identified as an exhibit and had not been "properly through the discovery process." Because the Court has such discretion, it was not error to deny Mala the opportunity to use the document in his cross-examination of Crown Bay's expert.

IV.   **CONCLUSIONS**

To meet the standard for a new trial, Mala had to establish that the Court either committed an error of law or made a mistake of fact on the face of the record. On the grounds for which Mala seeks a new trial, he is essentially arguing that the Court's rulings are contrary to applicable law. As explained, however, the Court's rulings on each of the issues were consistent with the applicable law. As such, Mala's motion for a new trial on all of the grounds asserted should be denied.

With respect to Mala's alternative request under Rule 59(e) to alter or amend the judgment, Mala has not established that there was a change in the intervening law applicable to the issues raised

---

[21]   *Maduro v. P & M National, Inc.*, 31 V.I. 121, 126 (D.V.I. 1994) (citing Wright and Miller, Federal Practice and Procedure: Civil 2d § 2284 (1970 and 1994 Supp.).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 13 of 14

in this motion, that there is new evidence available to him since the trial that was not available during the trial, or that the Court made clear legal or factual errors regarding any of the issues. Finally, Mala has not established that any of the Court's rulings need to be altered or amended to prevent manifest injustice due to any direct, obvious and observable error that occurred during the trial. Accordingly, Mala's motion to alter and vacate the Judgment should be denied.

Accordingly, as Mala has not met his burden as to any of the grounds for the Court to grant his motion, **IT IS HEREBY RECOMMENDED** that Mala's motion at ECF #500 be denied; it is further

**ORDERED** that plaintiff's motion to supplement (ECF #505)[22] is **GRANTED in part and DENIED in part**; and Crown Bay's motion to strike (ECF #509) is **GRANTED in part and DENIED in part.**

---

[22] After filing the instant motion, Mala moved to supplement the motion (ECF #505), and Crown Bay moved to strike plaintiff's motion to supplement (ECF # 509). Crown Bay contends that the motion to supplement constitutes an untimely post trial motion because it advances new arguments related to seaworthiness. Plaintiff's motion does advance such arguments, but also presents additional cases and arguments on the advisory jury issue. The Court did consider the arguments and cases presented on the advisory jury issue, but will grant the motion to strike as to the new arguments regarding seaworthiness on the basis that they are not timely.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 14 of 14

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. Section 636(b)(1); LRCi 72.3.


Dated:   July 22, 2011

_____
        s/
        **RUTH MILLER**
        UNITED STATES MAGISTRATE JUDGE