```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
    DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| KELLEY MALA,<br><br>                     Plaintiff,<br><br>    v.<br><br>CROWN BAY MARINE, INC.,<br><br>                    Defendants. | Civil No. 2006/120 |

**REPORT AND RECOMMENDATION REGARDING**
**MOTION "UNDER RULE 59 TO ARREST JUDGMENT DISMISSAL OF COUNT TWO UNDER SUMMARY JUDGMENT NEGLIGENCE SUPERVISION"**

Before the Court is plaintiff Kelley Mala's motion to "arrest" the dismissal of his claim alleging negligent supervision. (ECF 488)[1] For the reasons set forth below, it is recommended that this motion be denied.

Based on the evidence presented in plaintiff's case-in-chief, the relevant facts are as follows. On January 6, 2005, plaintiff went to the defendant's dock to fuel his boat. As he was fueling, plaintiff rigged the fuel pump nozzle so that the boat would continue fueling while he went into the marina's office to purchase oil. Upon exiting the office, plaintiff saw that fuel was overflowing from the hose and the boat's gas tank into the water

---

[1] By the time the reply brief on this motion was filed, Mala had retained counsel. In the reply (ECF #524), counsel suggests plaintiff intended to withdraw this motion and that the Court's February 28, 2011 Order deemed it to have been withdrawn. That Order, however, dealt with another of Mala's motions. Therefore, the Court will address the instant motion to complete the record.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 2 of 7

and into plaintiff's boat. After Mala removed the fuel pump nozzle and stopped the flow of fuel, the attendant at the dock, who had not assisted Mala in the fueling process, gave Mala soap and water to clean his boat, and left. Thereafter, plaintiff motored from the marina in his boat, which a short time later caught fire. Plaintiff suffered burns in the fire.

Plaintiff proceeded to trial *pro se* under two theories: (1) that defendant's fuel pumps had been negligently maintained; and (2) that defendant was negligent in its supervision of its fuel dock attendant. At the conclusion of plaintiff's case-in-chief, defendant Crown Bay renewed its prior motion for summary judgment and moved for judgment as a matter of law under Federal Rule of Civil Procedure $50^2$ with regard to both of plaintiff's claims. With respect to the claim of negligent supervision, the Court found that it had heard no evidence regarding that theory that would justify either submitting the claim to the jury or being considered by the Court, and it granted defendant's motion as to that claim.

Federal Rules of Civil Procedure 50(a) and 52(c) provide, in jury and non-jury trials respectively, that "[i]f a party has been fully heard on an issue" and there is not sufficient evidence to

---

[2] Federal Rule of Civil Procedure 50 applies in cases being tried to a jury. Because this was an admiralty case having only an advisory jury, the motion should have been brought under Rule 52 (c). The practical effect of this difference is discussed, *infra,* at note 7.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 3 of 7

find in favor of the party on that issue, then the Court can resolve the issue against that party. Thus, under those rules, it is the state of the evidentiary record at the close of plaintiff's case, when he "has been fully heard on an issue," that controls. If the Court finds that plaintiff has failed to adduce enough evidence in its case-in-chief to support a finding in its favor on any claim or claims, then judgment may be entered against the plaintiff on any such claims. Similarly, in the context of deciding a motion for summary judgment, the Court considers only the evidence that is of record at the time of the decision.[3]

Plaintiff now moves the Court to "withdrawal the dismissal of Court 2. Negligence Supervision [sic]," essentially contending it was error for the Court to have dismissed this claim. This motion is akin to a motion for reconsideration, which may only be granted if the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest

---

[3] *Teague Conway v. A.I. Dupont Hospital For Children*, 2009 U.S. Dist. LEXIS 45198, at *8-9 (E.D. Pa. May 26, 2009)(citing *Pavlik v. Lane, Ltd./Tobacco Exps. Int'l*, 135 F.3d 876, 882 n.2(3d cir. 1998)). See also *Berckeley Investors Group, Ltd. v. Colkitt,* 455 F.3d 195, 201 (3d Cir. 2006)("the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact"); *Worbetz v. Ward North America, Inc*. 54 F. App'x 526, 533 (3d Cir. 2002).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 4 of 7

injustice."[4]  Manifest injustice is defined as "'an error in the trial court that is direct, obvious, and observable . . . .'"[5]

Mala does not argue that there was an intervening change in the law, or that new evidence became available after the motion was granted.

Rather, Mala seems to argue that the Court dismissed his negligent supervision claim because it made an error of law or fact.  Mala's argument rests on evidence presented only *after* the motion was granted, however, and in reality merely demonstrates a disagreement with the Court's conclusions.  In his motion Mala sets forth the elements of a cause of action for negligent supervision, and then argues that evidence he did not offer, or that was presented *during the defendant's case*[6] (after the claim was

---

[4] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[5] *Teague Conway,* 2009 U.S. Dist. LEXIS 45198, at *28, n. 8.

[6] In support, Mala cites to the testimony of defendant's employees and operating partner, Jamie Demaris, Steve DeSilva, and Dennis Kissman, who testified that they did not have a duty to help him clean the fuel that spilled in his boat, and that vessel owners were responsible for cleaning their own fuel spills.  Mala contends that this evidence was a misstatement of Crown Bay and its employees' duty to him, because Virgin Islands and federal laws, and Crown Bay's Spill Prevention Control & Countermeasure Plan, in fact imposed a duty on Crown Bay and its employees to have assisted him with the cleaning of the fuel from his boat.  Mala failed, however, to challenge these witnesses, or offer evidence of these laws and the Crown Bay plan, during his case.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 5 of 7

dismissed) established those elements.  Plaintiff may not rely on such evidence in support of reconsideration.

Mala contends the Court erred when it "assumed that . . . Crown Bay Marina, Inc. and it's (sic) employees had no duty to . . . Mala in assisting with the clean up or removal process or procedures of the spill fuel . . . ."  But the Court correctly determined that it had no basis on which to find such a duty because Mala had failed to present any evidence in his case that such a duty existed.  As a result, no such evidence was before the Court at the time the motion was decided.  In his case-in-chief, Mala certainly had an opportunity to present evidence of Crown Bay's duty to him and of its breach, but he failed to do so. Essentially, Mala is now asking the Court to reconsider its judgment based on evidence that was available to plaintiff at the time of trial, but which he did not present.  These circumstances do not warrant relief.

Accordingly, as Mala has not met any of the grounds for the Court to grant a his motion to reconsider its prior ruling, it is recommended that Mala's motion "to arrest" the dismissal of his negligent supervision claim be **DENIED**.[7]

---

[7] Although it is recommended that the Court find plaintiff is not entitled to relief on the merits, procedurally there may be a need for the Court to amend its decision with respect to this claim.  Defendant moved under Federal Rule of Civil Procedure 50 for a judgment as a matter of law, but such a motion

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 6 of 7

---

is appropriate only in a jury trial. As noted, this case was an admiralty action proceeding with an advisory jury, so the correct motion should have been a motion for judgment on partial findings pursuant to Rule 52(c). Rule 52(c) provides that a judgment on partial findings must be supported by findings of fact and conclusions as required under Rule 52(a), which states: "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings of fact and conclusions of law may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum decision filed by the court. Judgment must be entered under Rule 58." The requirement that a court make such findings in nonjury trials is mandatory. *H. Prang Trucking Company, Inc., v. Local Union No. 469*, 613 F.2d 1235, 1238 (3d Cir. 1980).

Thus, the Court should have made specific findings of fact and conclusions of law in connection with the dismissal of the negligent supervision count, if such dismissal was under Rule 52(c). In announcing the decision, the Court noted the following on the record:

> [s]pecifically, the motion will be granted as to the theory of the count - - of the claim dealing with negligent supervision of the attendant. I didn't hear any evidence regarding the theory that would support that claim being submitted to the jury or being considered by me at trial.

As such, it appears the Court did not make the requisite findings under Rule 52(a). Nor did the Court make any findings on plaintiff's negligent supervision claim when it rejected the advisory jury's verdict and entered Findings of Fact and Conclusions of Law on Mala's negligent maintenance claim. Thus, there are no findings of fact and conclusions of law on the record on plaintiff's negligent supervision claim, but the Court may, pursuant to Rule 59(a)(2)(because Kelly Mala has made a timely motion for a new trial) amend its Findings of Fact and Conclusions of Law to address the negligent supervision claim, or it may make new findings and direct the entry of a new judgment.

If, however, the Court granted the dismissal of plaintiff's negligent supervision claim pursuant defendant's renewed motion for summary judgment, then, under Rule 52(a)(3), the Court was not required to make additional findings of fact or conclusions

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 7 of 7

    Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1); LRCi 72.3.

Dated: July 22, 2011

                                                         s/
                                           **RUTH MILLER**
                                          UNITED STATES MAGISTRATE JUDGE

---

of law.