```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
```

KELLEY MALA,

                    Plaintiff,      Civil No. 2006/120

     v.

CROWN BAY MARINE, INC.,

                    Defendants.

**REPORT AND RECOMMENDATION REGARDING**
**MOTION BY PLAINTIFF UNDER RULE 60(b)(3), (4) and (6) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

    Before the Court is plaintiff Kelley Mala's motion to vacate the Court's Judgment of December 14, 2010, pursuant to Federal Rule of Civil Procedure 60(b)(3), (4) or (6).  For the reasons set forth below, it is recommended that this motion be denied.

**I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

    On January 6, 2005, plaintiff went to the defendant's dock to fuel his boat.  As he was fueling, plaintiff rigged the fuel pump nozzle so that the boat would continue fueling while he went into the marina's office to purchase oil.  Upon exiting the office, plaintiff saw that fuel was overflowing from the hose and the boat's gas tank into the water and into plaintiff's boat.  After Mala removed the fuel pump nozzle and stopped the flow of fuel, the attendant at the dock, who had not assisted Mala in the fueling process, gave Mala soap and water to clean his boat, and left. Thereafter, plaintiff motored away from the marina in his boat,

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 2 of 10

which a short time later caught fire.  Plaintiff suffered burns in the fire.

Mala proceeded to trial *pro se* under two theories: (1) that defendant's fuel pumps had been negligently maintained; and (2) that defendant was negligent in its supervision of its fuel dock attendant.  At the close of Mala's case-in-chief, upon Crown Bay's motion the Court dismissed the negligent supervision claim.  On December 7, 2010, the advisory jury returned a verdict for plaintiff.  On December 14, 2010, the Court rejected the advisory jury's verdict, made findings of fact and conclusions of law, and entered Judgment for Crown Bay on the negligent maintenance claim.  This motion followed.

Mala asserts (ECF #503) that the Judgment should be vacated under Rule 60(b) because Crown Bay "mislead the District Court in making its findings of facts and of conclusion of law [sic]."  In essence, Mala argues that Crown Bay (1) led the Court to conclude that the fuel pump nozzle he used did not have an automatic shut-off mechanism, when in fact it did, and (2) misled the Court as to its lack of responsibility to assist with fuel spills.  As a result, he asks the Court to vacate its Judgment and allow him to present additional evidence[1].  Each of these claims will be treated

---

[1] Mala requests a hearing to present testimony from Licensing and Consumer Affairs inspectors and from Kent Bernier, Jr., Department of Planning and Natural Resources/EPA, Water

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 3 of 10

in turn.

## II. <u>LEGAL STANDARDS</u>

Rule 60(b) provides various reasons for which a court may relieve a party of a final judgment. The Rule serves to "'strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'"[2] Rule 60(b)(3) provides for relief where an opposing party engages in fraud, misrepresentation, or other misconduct. To establish fraud or misrepresentation, "the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case."[3] Under Rule 60(b)(3), to "to sustain the burden of proving fraud and misrepresentation . . . the evidence must be clear and convincing."[4]

Under Rule 60(b)(4), a judgment may be vacated where it is shown to have been void. The Supreme Court recently addressed this

---

Pollution Control Program, about whether the fuel pump nozzles at Crown Bay were equipped with automatic shut-offs, and as to Crown Bay's duty to have assisted him with the cleaning of his boat.

[2] *A. P. v. Virgin Islands ex rel. C.C.,* 961 F. Supp. 122, 124 (D.V.I. 1997)(quoting *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)).

[3] *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

[4] *Brown v. Pennsylvania Railroad Company*, 282 F.2d 522, 527 (3d Cir. 1960).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 4 of 10

subsection of Rule 60(b), stating

> a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. . . The list of such infirmities is exceedingly short. . . Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. . . Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction.[5]

Finally, Rule 60(b)(6) is a "catch all" provision that permits a court to act for "any other reason that justifies relief." Relief from a judgment pursuant to Rule 60(b)(6) may be "invoked upon a showing of exceptional circumstances.'"[6] Such relief is only granted if "'extreme' or 'unexpected' hardship will result."[7]

**III. DISCUSSION**

A. Rule 60(b)(3)

Mala contends that he is entitled to relief under Rule 60(b)(3) because Crown Bay misrepresented (1) that the fuel pump

---

[5] *United Student Aid Funds, Inc. v. Espinosa*, __ U.S. __, 130 S.Ct. 1367, 1377 (2010)(citations omitted). See also *Marshall v. Board of Education*, 575 F. 2d 417, 422 (3d Cir. 1978)(quoting *United States v. Walker*, 109 U.S. 258, 265-67 (1883)).

[6] *Marshall v. Board of Education,* 575 F.2d at 425-26.

[7] *Id*. at 426 (citing *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 5 of 10

nozzles did not have automatic shut-offs, when in fact they did, and (2) that Crown Bay and its employees did not have a duty to assist him with cleaning the fuel from his boat. Crown Bay counters that it did not make the representation alleged, but even if it did, that such representations did not prevent Mala from having a full and fair opportunity to litigate his case.

With respect to the nozzle shut-off issue, the evidence adduced at trial by Crown Bay was that there were signs posted at the marina that advised that the pumps did not have automatic shut-off capability. The purpose of the signs, Crown Bay's witnesses Leonard DeSilva and Dennis Kissman testified, was to encourage vessel owners to stay and hold the pump nozzle while fueling their vessels, and to understand that they were responsible for the fueling operation.[8] On cross-examination, Jamie Demaris, another Crown Bay employee, stated that in fact there were no automatic shut-offs at Crown Bay, while DeSilva said he thought there were shut-offs.[9] DeSilva also said he did not know if there had been shut-offs in January 2005, when this event happened.[10]

---

[8] Trial Transcript, December 7, 2010, at p. 10 (DeSilva); Trial Transcript, December 6, 2010, at pp. 78-79 (Kissman).

[9] Trial Transcript, December 7, 2010, at pp. 109(Demaris); 39 (DeSilva).

[10] Trial Transcript, December 7, 2010, at p. 39.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 6 of 10

In addition, Crown Bay's expert James Allen testified about the nature of marine fuel tanks as "vented," and therefore that a person fueling a vessel should not rely on the nozzle to automatically shut down before fuel begins to escape.[11] On cross-examination, Mala had Allen concede that the pump nozzles at Crown Bay are like those at an automotive gas station, and that such pumps "should" have an automatic shut-off. Allen could not opine, however, that the nozzle in use at the time of this incident in fact had a shut-off mechanism.[12]

In support of his claim of fraud, Mala proffers evidence from a January 11, 2011 statement that three inspectors from the Virgin Islands Department of Licensing and Consumer Affairs went to the Crown Bay Marina, that the manager on duty told them that the posted signs advising that the fuel pump nozzles did not have automatic shut-offs were posted as a precaution, and that the automatic shut-off valves were working. Mala contends that the 2011 statement of Crown Bay's manager is "newly discovered information as evidence," and establishes that "Crown Bay knew and intentionally submitted falsely representation upon the Court and conceal [sic] the very same disputed facts its fuel nozzle

---

[11] Trial Transcript, December 7, 2010, at pp. 66-67, 79, 92-93.

[12] Trial Transcript, December 7, 2010, at pp. 87-89.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 7 of 10

dispenser have [sic] automatic shut off. . . ."[13]  From this, Mala concludes Crown Bay knew on January 6, 2005 that the fuel pump nozzle had an automatic shut-off that malfunctioned, causing fuel to spill.[14]

Mala's proffer falls far short of the "clear and convincing" evidence needed to establish a fraud by Crown Bay that prevented him from fully and fairly presenting his case.  First, the evidence does not establish that Crown Bay knowingly misrepresented to the Court the state of its fuel pump equipment on the date of this incident.  Further, Mala had every opportunity to - and did - cross-examine Crown Bay's witnesses on this very issue, eliciting evidence arguably helpful to his cause.  However, Mala did not at trial, and does not with his motion, offer evidence establishing that any fraud or other conduct by Crown Bay led to erroneous factual findings and legal conclusions by the Court.  As a result, Mala is not entitled to relief under Rule 60(b)(3) on this issue.

Mala also argues that Crown Bay misled the Court regarding its duty to assist him with cleaning the spilled fuel from his boat, and that he should therefore be relieved of the Judgment and allowed to present evidence on the issue. In support, Mala submits his January 19, 2011 affidavit averring that on December 20, 2010,

---

[13] Motion to Alter and Vacate, page 3.

[14] Motion to Alter and Vacate, page 2.

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 8 of 10

Kent Bernier, Jr. showed him Department of Planning and Natural Resources and Environmental Protection Agency requirements and "Crown Bay's SPCC" manual which "mandates and instructs Crown Bay Marina duty in assisting spill removal process and procedure." (ECF #504)

At trial, Crown Bay presented evidence that it did not have a duty to assist Mala with the fuel that spilled in his boat, and Mala did not present any evidence to the contrary. The evidence Mala seeks to present now -- federal and Virgin Islands law, Crown Bay's Spill Removal Plan, and testimony from a representative from the Department of Planning and Natural Resources -- was available to him prior to trial, and it was his burden to prove during trial that a duty existed. As such, he is not entitled to present this evidence post-trial.

In *Moolenaar v. Government of the Virgin Islands*[15], the Third Circuit admonished that "[a] party that has not presented known facts helpful to its case by witnesses available to it 'when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down.'" Here, Mala requests a hearing to present testimony from persons known to Mala before the trial, as he indicates that he sought the Court's assistance in May

---

[15] 822 F. 2d 1342, 1347 (3d Cir. 1987)(quoting *Good Luck Nursing Home, Inc., v. Harris*, 636 F.2d 572, 577 ((D.C. Cir. 1980).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 9 of 10

2010 to enforce subpoenas directed to these persons that he says he "filed" in April 2010. Further, Mala went to Licensing on November 4, 2010 to make a complaint about the fuel pump nozzles at Crown Bay, requesting that they conduct an inspection and issue a citation.[16] Obviously, Mala believed that these entities had information that may have assisted him with his case. His failure to timely procure that information does not provide a basis for relief from the Judgment under Rule 60(b).

B.   Rule 60(b)(4)

Despite purporting to rely on this subsection of Rule 60(b), Mala does not offer any argument based on this provision. As noted, under 60(b)(4), a judgment is void "if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by law.'"[17] The Court had admiralty jurisdiction of this action; therefore, its judgment is not void and no relief is available under Rule 60(b)(4).

C.   Rule 60(b)(6)

Mala likewise makes no argument based on Rule 60(b)(6). Nonetheless, in *Marshall v. Board of Education*, the Third Circuit

---

[16]  Motion to Alter and Vacate, Exhibit 1 (ECF #503-1).

[17]  *Marshall v. Board of Education*, 575 F. 2d 417, 422 (3d Cir. 1978)(quoting *United States v. Walker*, 109 U.S. 258, 265-67 (1883)).

*Kelley Mala v. Crown Bay Marine, Inc.*
Civil No. 2006-120
Page 10 of 10

noted that Rule 60(b)(6) "'provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.'"[18] To obtain relief from a judgment under Rule 60(b)(6) a party must show, "'extreme' or 'unexpected' hardship will result."[19] There is no suggestion that Mala would be subjected to extreme or unexpected hardship if he were not granted relief from the Judgment. Mala has moved for a new trial and may also seek relief on appeal. Rule 60(b)(6) does not warrant relief on this motion.

### IV. CONCLUSIONS

Mala has not met his burden as to any of the grounds for the Court to grant his motion. Therefore, **IT IS HEREBY RECOMMENDED** that Mala's motion to vacate be denied.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1); LRCi 72.3.

Dated:

                                     s/
                                   **RUTH MILLER**
                          UNITED STATES MAGISTRATE JUDGE

---

[18] *Marshall v. Board of Education,* 575 F. 2d at 425-26.

[19] *Id.* at 426 (citing *Mayberry v. Maroney*, 558 F. 2d 1159, 1163 (3d Cir. 1977)).