IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| KELLEY MALA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 06-120 |
| | : | |
| CROWN BAY MARINE INC., et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                    **September 30, 2011**

Kelley Mala asks this Court to grant three post-trial motions: 1) a motion for a new trial, or in the alternative, to alter and vacate the judgment (Document 500); 2) a motion to arrest judgment on the negligent supervision count (Document 488); and 3) a motion for relief from a final judgment (Document 503). United States Magistrate Judge Ruth Miller filed a Report and Recommendation addressing each motion (Documents 527, 529, 530), in response to which Mala filed objections (Documents 532, 533, 534, 535). This Court overrules Mr. Mala's objections, approves and adopts the well-reasoned Reports and Recommendations, and denies the motions. Additionally, this Court amends the findings of fact and conclusions of law made at the conclusion of the bench trial.

In the first motion, Mr. Mala requests a new trial, or in the alternative, to alter or vacate the judgment pursuant to Federal Rules of Civil Procedure 50(b) or 59(e). Mala's objections to Magistrate Judge Miller's Report and Recommendation addressing this motion are unfounded. Each of his objections are addressed in turn.

First, Mala objects to the Report and Recommendation's factual recitation because it states this Court communicated to the parties at the Final Pretrial Conference that the jury would be advisory. Mala argues Magistrate Judge Miller wrongly assumed this fact because he was never

1

informed of this Court's intention to use an advisory jury and because it is not found in the record. In fact, Magistrate Judge Miller dismisses this argument by finding "the Court's extended discussion with the parties in connection with Mala's motion for a jury trial . . . belies that notion."[1] The transcript of the Final Pretrial Conference on December 6, 2010 (Document 536), which Mala's counsel neglected to order, clearly reflects this Court's decision to use an advisory jury and the denial of Mala's motion for a jury trial.[2]  The Minutes of Proceedings for the Final Pretrial Conference (Document 472) also include a note reflecting the denial of Mala's motion for a jury trial and the decision to empanel an advisory jury.  This objection to the Report and Recommendation is unfounded.  Mala makes the same objection twice in a separate filing (Document 535, objections I and II), both of which are also unfounded.

Second, Mala objects to the Report and Recommendation because it fails to recognize Mala's right to a jury trial based on this Court's supplemental jurisdiction under 28 U.S.C. § 1367.  He argues this Court exercised supplemental jurisdiction, which provides a right to a jury trial, by allowing his personal injury claims to proceed alongside his *in rem* maritime claim.  The Report and Recommendation, however, notes the District Court concluded that Mala's case would proceed solely under the Court's admiralty jurisdiction, which includes jurisdiction to hear maritime personal injury negligence claims. Mala's objection is unfounded, and the Report and Recommendation correctly concluded that he had no right to a jury trial.

Third, Mala objects to the Report and Recommendation because it does not adequately consider his *pro se* status. Specifically, he argues because he lacks litigation experience he did not

---

[1] Report and Recommendation (Document 527) 8, n. 16.

[2] Transcript of Final Pretrial Conference (Document 536) 18-21.

understand the jury was advisory, and as a result, he missed the opportunity to further demand a non-advisory jury. Mala's reasoning is flawed.  His experience level had no impact on the decision to empanel an advisory jury, and having denied his motion for a jury trial at the Final Pretrial Conference, this Court would not have entertained additional requests for a non-advisory jury. Mala also argues this Court failed to protect him from objections, motions, and commentary by the defendant's attorney which "surely affected the Plaintiff's ability to present his case." This assertion is baseless.  This Court was particularly accommodating to Mr. Mala as a *pro se* litigant, and his case, including the defendant's motions and objections, was presided over as the law dictated. Mala's objection concerning Magistrate Judge Miller's inadequate consideration of his *pro se* status is unfounded.

Fourth, Mala objects to the Report and Recommendation's failure to consider this Court did not provide Mala with instruction at trial on how to seek suppression of evidence concerning his criminal past which, Mala argues, damaged his case "in the eyes of the jury." This assertion is without merit because the Court, not the jury, found the defendant not liable.

Mala made no objections to Magistrate Judge Miller's conclusions regarding his  remaining three grounds for a new trial or to vacate the judgment: this Court's jurisdiction in light of Mala's pending recusal appeal; the refusal to admit evidence of the "Spill Removal and Countermeasure Plan"; and the refusal to allow Mala to cross-examine a witness with an unauthenticated document. Accordingly, Mala's objections to Magistrate Judge Miller's Report and Recommendation addressing his motion for a new trial or to alter or vacate the judgment are overruled, and the Report and Recommendation is approved and adopted.

In the second motion, Mala seeks to "arrest judgment" dismissing his negligent supervision

3

count pursuant to Rule 59.  Mala makes two objections to the Report and Recommendation addressing this motion, and they are both unfounded.

First, Mala objects to the Report and Recommendation's failure to elaborate upon why Mala's evidence at trial was not sufficient to survive a motion for judgment as a matter of law on his negligent supervision count.[3]  In fact, Magistrate Judge Miller thoroughly explains dismissal was appropriate because, at the close of his case-in-chief, Mala had failed to present any evidence to show Crown Bay Marina, Inc. (Crown Bay) owed him a duty to have its employees assist in cleaning the spilled fuel in his vessel. This objection is unfounded.

Second, Mala objects to the Report and Recommendation's failure to consider Crown Bay's attorney prevented Mala from presenting evidence to support his negligent supervision claim by repeatedly objecting to Mala's own testimony and his examination of witnesses. This argument is without merit.  This court ruled on objections at the trial as the law directs. As a *pro se* litigant, Mala was given considerable leeway to correct the form of his examination. This objection is unfounded. Accordingly, Mala's objections to Magistrate Judge Miller's Report and Recommendation addressing his motion to arrest dismissal of his negligent supervision claim are overruled, and the Report and Recommendation is approved and adopted.

Mala's third motion seeks relief from a final judgment pursuant to Rule 60(b)(3), (4), and (6). Mala's objections to  Magistrate Judge Miller's Report and Recommendation addressing this motion are unfounded.  Each of his objections are addressed in turn.

First, Mala objects to the Report and Recommendation's finding he has not satisfied the

---

[3] This Memorandum later addresses that Crown Bay Marina should have moved for judgment on partial findings rather than for judgment as a matter of law.

4

elements for relief from a final judgment under Rule 60(b)(3).  He argues statements made to licensing inspectors by a Crown Bay manager several weeks after trial contradicting trial testimony by Crown Bay employees demonstrates fraud or misrepresentation by Crown Bay justifying 60(b)(3) relief.  Magistrate Judge Miller thoroughly addresses this argument and concludes that the evidence provided by the licensing inspectors, to the minor extent (if at all) it contradicts trial testimony, falls far short of the requirements for 60(b)(3) relief.[4]  This Court agrees.   In a separate filing (Document 535, objection III), Mala raises this same argument as an objection to Magistrate Judge Miller's factual recitation.  Both objections are unfounded.

Second, Mala objects to the Report and Recommendation's finding he has not satisfied the elements for relief from a final judgment under Rule 60(b)(6). Magistrate Judge Miller concludes Mala fails to show "exceptional circumstances" that will result in "extreme or unexpected hardship" necessary to obtain  relief from a final judgment under 60(b)(6).[5]  Mala argues he will continue to suffer extreme financial and emotional hardship from litigating this case and receiving abuse from Crown Bay's attorney if he is forced to appeal. This argument is not compelling.  Mala is not required to appeal the judgment, and the so called abuse he suffered by Crown Bay's attorney, in this Court's opinion, was not extreme or exceptional.  His objection is unfounded.

Mala made no objections to Magistrate Judge Miller's conclusions regarding his request for

---

[4]  Magistrate Judge Miller notes Mala fails to establish the requirements for 60(b)(3) relief because he does not show clear and convincing evidence demonstrating Crown Bay's misrepresentation prevented Mala from fully and fairly presenting his case. *Citing Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983); *Brown v. Pa. Railroad Co.*, 282 F.2d 522, 527 (3d Cir. 1960).

[5] Report and Recommendation (Document 530) at 10 (*citing Marshall v. Board of Education*, 575 F.2d 417, 425-26 (3d Cir. 1978) (internal quotations omitted)).

relief under Rule 60(b)(4).  Accordingly, Mala's objections to Magistrate Judge Miller's Report and Recommendation addressing his motion for relief from a final judgment under Rule 60(b) are overruled, and the Report and Recommendation is approved and adopted.

At the close of Mr. Mala's case-in-chief, Crown Bay renewed its Motion for Summary Judgment on all counts and moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).  Judgment was granted for Crown Bay on Mala's negligent supervision count because Mala presented no evidence that Crown Bay owed Mala a duty to have its employees assist him in cleaning the spilled fuel in his vessel.  Because this trial proceeded with an advisory jury, Crown Bay should have moved under Rule 52(c) for judgment on partial findings[6] rather than 50(a), which is reserved for standard jury trials.  Under Rule 52(c), judgment could be granted against Mala on his negligent supervision count because he had been fully heard on that issue, and this Court, as the trier of fact, found he had not shown by a preponderance of the evidence that Crown Bay owed Mala a duty to have its employees assist Mala in fuel cleanup (in fact, he presented no such evidence).

Although this decision was explained on the record, Rule 52(c) requires that a judgment on partial findings be supported by separately stated findings of fact and conclusions of law in accordance with Rule 52(a)(1).[7]  Because Mr. Mala moved for a new trial (Document 500), this

---

[6] Federal Rule of Civil Procedure 52(c) provides "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.  The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law required by Rule 52(a)."

[7] In the alternative to granting judgment on partial findings, this Court also granted Crown Bay's renewed motion for summary judgment on the negligent supervision count. Under

Court may amend the findings of fact and conclusions of law made at the close of trial pursuant to Rule 59(a)(2).[8]  Therefore, this Court amends the findings of fact and conclusions of law issued on December 14, 2010 (Document 512), incident to the judgment entered in favor of Crown Bay, to include the following:

Additional Findings of Fact

25. During Mr. Mala's case-in-chief, he presented no evidence tending to show Crown Bay Marina had a duty to have its employees assist Mala in cleaning the spilled fuel in his vessel.

Legal Standard to Prove Negligent Supervision

To prevail on his negligent supervision claim, Mr. Mala must prove by a preponderance of the evidence that Crown Bay Marina committed some act or omission regarding the training or supervision of its employees that a reasonably prudent business under similar circumstances would not have done or failed to do, and the act or omission was the proximate cause of some demonstrable injury or damage sustained by Mr. Mala.  That is, Mr. Mala was required to prove:

1. Crown Bay Marina had a duty to Mr. Mala to train or instruct its employees to assist him in cleaning spilled fuel in his vessel;

2. Crown Bay Marina breached that duty by not training or instructing its employees to assist Mala in cleanup;

3. Crown Bay Marina's breach of this duty was an actual and proximate cause of Mala's

---

52(a)(3), this grant of summary judgment does not need separately stated findings of fact and conclusions of law.

[8] Federal Rule of Civil Procedure 59(a)(2) provides, in relevant part, "[a]fter a nonjury trial, the court may, on motion for a new trial . . . amend findings of fact and conclusions of law or make new ones."

alleged injuries; and

4. Mr. Mala suffered injuries as a result.

<u>Additional Conclusions of Law</u>

6. Because, at the close of Mr. Mala's case-in-chief, Mala had presented no evidence that Crown Bay Marina had a duty to train or instruct its employees to assist Mala in cleaning the spilled fuel in his vessel, Mala has failed to establish a necessary element of his negligent supervision claim.

Accordingly, at the close of Mala's case-in-chief, judgment on partial findings, or in the alternative, summary judgment, was granted in favor of Crown Bay Marina on Mala's negligent supervision count.

An appropriate order follows.


BY THE COURT:


  /s/ Juan R. Sánchez, J.
Juan R. Sánchez, J.