IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

KELLEY MALA,                    )
                                )
            Plaintiff,          )
                                )
vs.                             )
                                )       CIVIL NO. 2006-120
CROWN BAY MARINA, INC., et al.) 
                                )
                                )
            Defendants.         )
_____)

**MEMORANDUM AND ORDER**

Before the Court is Crown Bay Marina Inc.'s initial Bill of Costs and its Second Motion for Award of Costs (ECF 498 and 548).[1]

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this maritime negligence action against Crown Bay Marina Inc. and others, invoking this Court's admiralty jurisdiction, and seeking damages for personal injuries and property damage sustained in a boat fire.[2]

On December 6-7, 2010, the action was tried before the Court with an advisory jury on two claims: negligent supervision and negligent maintenance. At the close of plaintiff's case-in-chief, the Court found that plaintiff had not sustained his burden on the negligent supervision count and found for Crown Bay on that claim. On December 7, 2010, the advisory jury returned a verdict for

---

[1]  Crown Bay filed the initial Bill of Costs on December 28, 2010 (ECF 498), and filed the second motion for costs on October 4, 2011 (ECF 548), after the Court ruled on the post-trial motions.

[2]  See the Court's Memorandum Opinion entered July 20, 2009 (ECF 170), n. 3, finding that the Court has admiralty jurisdiction of this action.

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 2

plaintiff on the negligent maintenance claim.  On December 14, 2010,

the Court rejected the advisory jury's verdict and entered judgment

for Crown Bay, but on September 30, 2011 (ECF 547), the Court ruled

on the post-trial motions and amended its previous Findings of Fact

and Conclusions of Law to include Findings of Fact and Conclusions

of Law on the negligent supervision claim.  On October 4, 2011 (ECF

549), plaintiff appealed.

   II.   DISCUSSION

      Pursuant to 28 U.S.C. §§ 1920[3] and 1925,[4] Federal Rule of Civil

Procedure 54(d)(1),[5] and Local Rule of Civil Procedure 54.1,[6] Crown

---

[3]   28 U.S.C. § 1920 provides:

         A judge or clerk of any court of the United States may tax
      as costs the following:
         (1) Fees of the clerk and marshal;
         (2) Fees for printed or electronically recorded transcripts
      necessarily obtained for use in the case;
         (3) Fees and disbursements for printing and witnesses;
         (4) Fees for exemplification and the costs of making copies
      of any materials where the copies are necessarily obtained for
      use in the case;
         (5) Docket fees under section 1923 of this title;
         (6) Compensation of court appointed experts, compensation
      of interpreters, and salaries, fees, expenses, and costs of
      special interpretation services under section 1828 of this
      title.

         A bill of costs shall be filed in the case and, upon allowance,
      included in the judgment or decree.

[4] United States Code, Title 28, Section 1925 provides: "[e]xcept as
otherwise provided by Act of Congress, the allowance and taxation of costs
in admiralty and maritime cases shall be prescribed by rules promulgated
by the Supreme Court."

[5] Rule 54(d)(1) in pertinent part provides that "[u]nless a federal statue,

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 3

Bay seeks costs of: (1) $1357.75 for trial transcripts; (2)$2,134.75 for deposition transcripts;(3)$45.00 for witness fees; and (4)$27.93 for exhibit copies.

Plaintiff opposes an award of costs (ECF 550). First, plaintiff contends that it would be premature to award costs under 5 V.I.C. § 541 because costs are awarded to the prevailing party, the identity of which can only be determined after the appeal has been decided. Next, plaintiff opposes the award of costs for copies of deposition transcripts and for color copies. Finally, plaintiff contends that the Court should exercise its discretion and not tax costs at all because the action was filed in good faith and to tax costs would "only serve to deter victims from seeking necessary compensation for their injuries to the fullest extent of the law as is their right to do."[7]

---

these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party.  . . . The clerk may tax costs on 14 days' notice."

[6] LRCi 54.1 (a) provides that "[w]ithin thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs . . . ."

[7] The Court is mindful of the edict "that the power to tax costs should be exercised in a manner that does not bar the door to the courthouse to indigent plaintiffs." *Action Alliance for Senior Citizens of Greater Philadelphia, Inc. v. Shapp*, 74 F.R.D 617, 620 (E.D. Pa. 1977) (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964)).

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 4

Plaintiff's first ground is unavailing.  To begin, 5 V.I.C. § 541 is a Virgin Islands local costs statute that is inapplicable in admiralty actions, because costs in admiralty actions are awardable pursuant to federal law.[8]

Further, the Court need not await the resolution of an appeal to determine the prevailing party for purposes of awarding costs. "'A party is a 'prevailing party' for purposes of awarding costs when the Court has, after considering the merits of the case, awarded the party some relief 'on any issue that is fundamental to the action.'"[9] On September 30, 2011, the Court found for Crown Bay on the two issues tried.  As such, Crown Bay is the prevailing party.  On October 4, 2011, within the 30-day time period prescribed by LRCi 54.1(a), Crown Bay filed its second motion for costs.  Accordingly, it is appropriate to award costs, if any, to Crown Bay at this time, after all issues were resolved in its favor and before the appeal has been

---

[8]  See *Ocean Barge Transport Co. v. Hess Oil Virgin Islands Corp.*, 598 F. Supp. 45, 47 (D.V.I. 1984) (explaining that "[a]dmiralty is a body of law which is peculiarly federal in nature[;]" (citations omitted), concluding that federal law governs fee and cost awards).  See also 28 U.S.C. § 1925 (providing for the Supreme Court to promulgate rules for the allowance and taxation of costs in admiralty and maritime cases). In *Delaware River Tow, LLC v. Nelson*, 382 F. Supp. 2d 710, 713 (E.D. Pa. 2005), the court observed that although the Supreme Court has not promulgated rules for costs in maritime and admiralty cases as it is authorized to do under 28 USC § 1925, it has promulgated Fed. R. Civ. P. 54.  Further, the Third Circuit has determined that that costs a district court may award a prevailing party under Rule 54 are limited to those enumerated in 28 USC § 1920.  *Friedman v. Ganassi,* 853 F.2d 207, 209 (3d Cir. 1988).

[9]  *Delaware River Tow, LLC,* 382 F.Supp. 2d at 713, n. 2(quoting *Hygienics Direct Co. v. Medline Indus.*, 33 Fed. Appx. 621, 625 (3d Cir. 2002)).

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 5

decided.

Having determined that costs may be awarded here, the Court must next determine, which, if any of the costs claimed should be awarded.

### A. Trial Transcript

"The cost of trial transcripts may be taxed when they are 'necessarily obtained for use in the case.'"[10]   In *Farley v. The Cessna Aircraft Co.,* the court also pointed out that "[t]he costs of expedited transcripts have been taxed in cases involving complex issues or when a trial extends over a long period of time."[11] In *Peters v. Delaware River Port Authority of Pennsylvania and New Jersey*,[12] the court disallowed the hourly and daily charge for expedited trial transcripts, but allowed the regular charge, explaining that "the trial lasted only six days and did not involve issues and evidence so complex as to warrant the hourly or daily copy received. . . ."[13]

Here, Crown Bay seeks costs for an expedited transcript and for a daily copy of the trial transcript (ECF 489-2).   It contends that it needed the transcripts to prepare its findings of fact and

---

[10]   *Farley v. The Cessna Aircraft Co.,* 1997 U.S. Dist. LEXIS 11655, at *8 (E.D. Pa. Aug. 1, 1997) (quoting 28 U.S.C. § 1920(2)).

[11] *Farley,* 1997 U.S. Dist. LEXIS 11655, at *8 (citing *Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md. 1989)).

[12]   1995 U.S. Dist. LEXIS 1118(E.D. Pa. Jan. 27, 1995).

[13]   *Id*. at *7.

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 6

conclusions of law, and that it would have been "impossible" to do so without the transcript,[14] because the case offered "special challenges in that so much of Plaintiff's evidence was objected to and stricken by the Court[,]" and it could only set forth "a clear statement of the evidence presented" by reviewing the transcript.[15]

While the trial was only two days, and only two negligence issues were decided, the Court observes that plaintiff was *pro se* and did not have a through understanding of permissible trial practice and procedure.  As a result, the presentation of evidence at the trial was perhaps less straightforward than it would have been had plaintiff been represented by counsel.  In light of this, the Court concludes that it was reasonably necessary for Crown Bay to obtain an expedited copy of the trial transcript to assist it in preparing its findings of fact and conclusions of law.  The Court finds, however, that the daily copy of the trial transcript was not reasonably necessary for use in the case.  Accordingly, the amount of $649.90 for an expedited copy of the trial transcript will be allowed pursuant 28 U.S.C. § 1920(2), but the amount of $707.85 for the daily copy will be disallowed.

## B. Deposition Transcripts

Costs for deposition transcripts are awardable when they are

---

[14] Bill of Costs (ECF 498), p.5.

[15] *Id.*

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 7

"necessarily obtained for use in the case."[16]  "'The district court has discretion in determining whether or not a deposition was necessarily obtained within the meaning of the statute. . . .'"[17]  In making a determination whether a deposition was "necessarily obtained," the court in *Fitchett v. Stroehmann Bakeries, Inc.* recommended that the following three principles be considered: First, "'the transcripts need not be absolutely indispensable . . ., it is enough if they are reasonably necessary.'"[18]  Second, it is not required that the depositions were introduced at trial. "Rather, 'the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.'"[19]  Finally, "the deposition must have been taken for more than just the convenience of the deposing attorney."[20]

Crown Bay seeks costs for the deposition transcripts of plaintiff, plaintiff's wife and daughter, and plaintiff's three

---

[16]  28 U.S.C. § 1920(2).

[17]  *Fitchett v. Stroehmann Bakeries, Inc.,* 1996 U.S. Dist. LEXIS 1168, at * 8 (E.D. Pa. Feb. 5, 1996) (quoting *Jeffries v. Georgia Residential Fin. Auth.*, 90 F.R.D. 62, 63 (N.D. Ga. 1981)).

[18]  *Fitchett*, 1996 U.S. Dist. LEXIS 1168, at * 8 (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)).

[19]  *Fitchett*, 1996 U.S. Dist. LEXIS 1168, at *8-9 (citations omitted).

[20]  *Id.* at *9 (citations omitted).

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 8

"expert witnesses." None of these persons, except plaintiff, testified. Crown Bay contends that it "fully expected these witnesses to testify . . . in some capacity and it was not until December 6, 2010, the first day of trial, . . .[did it learn] otherwise."[21]

Plaintiff objects to an award of costs for copies of deposition transcripts. Crown Bay replies that these costs are allowable, citing *Action Alliance for Senior Citizens of Greater Philadelphia, Inc. v. Shapp*, 74 F.R.D 617, 621 (E.D. Pa. 1977). There the court allowed costs for the deposition transcript copies because it would be unreasonable to require counsel to travel to the court to review the original depositions during the trial. That would not have been necessary here, however, because the original deposition transcripts were not filed with the Court.[22]

In *Monoson v. United States*,[23] this Court allowed costs for the original deposition transcript, but disallowed costs for the copy. The court in *Monoson* explained that "the cost of an extra copy of the transcript, made for the convenience of the defendant, should

---

[21] Crown Bay's Bill of Costs (ECF 498), p. 6.

[22] Here, Crown Bay electronically filed the deposition transcripts (ECF 460-464) and maintained possession of the originals. See LRCi 30.1.

[23] 2008 U.S. Dist. LEXIS 38932, at *6-7 (May 14, 2008).

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 9

not be taxed."[24]

Crown Bay does not offer a reason to distinguish *Monoson* and allow costs for the copies.  In this instance, however, the costs of the originals and the copies were not itemized.  Therefore, as it is unable to determine the costs of the originals, the Court will reserve ruling on this item until Crown Bay submits an itemized bill from each reporting service.[25]

### C. Witness Fee

Crown seeks costs for the witness fee of Jamie Demarais (ECF 498-4).  The costs for the witness fee will be allowed pursuant to 28 U.S.C. § 1920(3).

### D. Exhibit Copies

Finally, Crown Bay seeks costs of $27.93 for color photographs used as exhibits during Mr. Demarais' testimony.  In *Farley v. The Cessna Aircraft Co.,* the court acknowledged that 28 U.S.C. § 1920 does not explicitly provide for photographs as taxable costs, and that the Third Circuit does not have a "clear rule" on this issue.

---

[24]   *Monoson*, 2008 U.S. Dist. LEXIS 38932, at *7 (quoting *Hugney v. Consolidated Coal Co.*, 59 F.R.D. 258, 259 (W.D. Pa. 1973)(requiring the submittal of an itemization for the cost of the original deposition, the cost of copy, and the reporter's attendance fee so that the court it could determine how much to award as costs for the original deposition transcript)).

[25]   The Court also reserves ruling with respect to the transcript of the deposition taken on August 11, 2009, invoiced by PSW Court Reporting, because not only are the charges not itemized, but the deponent has not been identified.

*Kelley Mala v. Crown Bay Marina, Inc., et al.*
Civil No. 2006-120
Page 10

The court there ruled, however, that such costs should be taxable "if they are reasonably necessary for the factfinder's understanding of the case."[26]   The Court will allow costs of $27.93 for the photographs as they were reasonably necessary for Court's understanding of the case.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Crown Bay is awarded costs for the expedited trial transcripts, its witness fees, and the exhibits, for a total of $722.83; it is further

ORDERED that costs for the daily trial transcript are disallowed; and it is further

ORDERED that the Court reserves ruling on the award of costs for the deposition transcripts, pending supplementation by Crown Bay, within 21 days of the date of this Order.

S_____
        **RUTH MILLER**
        United States Magistrate Judge

---

[26] *Farley v. The Cessna Aircraft Co.,* 1997 U.S. Dist. LEXIS 11655, at *16.